354 So.2d 1355 (1978)
STATE of Louisiana
v.
Robert FIRMIN
No. 60708.
Supreme Court of Louisiana.
February 10, 1978.
Rena M. Price, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Defendant Robert Firmin was charged by bill of information with having violated La.R.S. 14:95.1, in that he did carry a concealed weapon having been previously convicted of possession of narcotics in violation of La.R.S. 40:966. After trial by jury, he was found guilty as charged of this offense. Prior to sentencing thereon, the district attorney filed a bill of information pursuant to La.R.S. 15:529.1 charging that the defendant was a second offender having, in addition to his present conviction for violating La.R.S. 14:95.1, previously pled guilty in the United States District Court for the Eastern District of Louisiana to the crime of violating the Federal Gun Control Act of 1968. The defendant admitted the allegations in the multiple bill and was sentenced to serve ten years at hard labor in the custody of the Department of Corrections without benefit of probation, parole or suspension of sentence.
In State v. Sanders, 337 So.2d 1131 (La.1976), this Court, in a unanimous decision, noted that "the penalty provisions enacted in R.S. 14:95.1 were intended by the legislature to delimit the permissible punishment for that offense . . ." and, therefore, concluded that the state could not rely upon a La.R.S. 14:95.1 conviction in charging the defendant as a multiple offender under La.R.S. 15:529.1. Although in the instant case the state relied upon one prior conviction in charging the defendant with having violated La.R.S. 14:95.1 and a different prior conviction in seeking to have his sentence enhanced under the provisions of La.R.S. 15:529.1, the rule of State v. Sanders, supra, is still applicable and the defendant should not have been sentenced as a multiple offender.
*1356 Defendant's conviction is affirmed, but his sentence is vacated and set aside and the case is remanded for resentencing in accordance with the foregoing.