970 So.2d 948 (2007)
STATE of Louisiana
v.
Monolo Anton BAKER.
No. 2006-K-2175.
Supreme Court of Louisiana.
October 16, 2007.
Dissenting Opinion on Denial of Rehearing January 7, 2008.
Roach & Roach, Annette Fuller Roach, Lake Charles, for applicant.
Charles C. Foti, Jr., Attorney General, Paul Carmouche, District Attorney, Lea R. Hall, Jr., Tommy Jan Johnson, Jonathan Dhu Thompson, Catherine Marion Estopinal, Assistant District Attorneys, for respondent.
TRAYLOR, Justice.
The issue presented is whether a sentence imposed for possession of a firearm by a felon, a violation of La. R.S. 14:95.1, is subject to further enhancement under the habitual offender law, La. R.S. 15:529.1 Because we find nothing in the language of either statute which would prohibit the enhancement of a sentence imposed for a violation of La. R.S. 14:95.1 under the circumstances of this case, we affirm the appellate court decision.

FACTS and PROCEDURAL HISTORY
The defendant, Monolo Anton Baker ("Baker" or "defendant"), has the following relevant criminal history:
(1) December 16, 1996 felony conviction for aggravated battery, a violation of La. R.S. 14:34; and
(2) September 13, 1999 felony conviction for illegal possession of stolen things, a violation of La. R.S. 14:69.
Thereafter, Baker was arrested and charged with a violation of La. R.S. 14:95.1, possession of a firearm by a convicted *949 felon. La. R.S. 14:95.1 makes it a felony offense for any person who has been previously convicted of certain enumerated felonies to possess a firearm or carry a concealed weapon. The prior felony alleged in the bill of information charging the firearm offense was the 1996 conviction for aggravated battery, a violation of La. R.S. 14:34.
On January 27, 2005, Baker, entered a plea of guilty as charged to being a felon in possession of a firearm. On March 16, 2005, the district judge sentenced Baker to eleven and a half (11½) years imprisonment at hard labor without benefit of parole, probation or suspension of sentence.
Thereafter, the state filed an habitual offender bill of information, seeking to enhance Baker's firearm sentence under the provisions of La. R.S. 15:529.1. The state alleged in the multiple bill that Baker was a second felony offender based on the current 2005 conviction for possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1, and the 1999 felony conviction for illegal possession of stolen things, a violation of La. R.S. 14:69.
Thus, the state relied upon Baker's prior conviction for a violation of La. R.S. 14:34, aggravated battery, as an element in charging the defendant with having violated La. R.S. 14:95.1 and a different prior felony conviction for a violation of La. R.S. 14:69, illegal possession of stolen things, in seeking to have his sentence enhanced. Baker objected to the habitual offender bill, arguing that his sentence for a violation of La. R.S. 14:95.1 could not be enhanced beyond the penalty provisions provided in that statute.
After a hearing, the district judge adjudicated Baker a second felony offender, vacated his prior sentence of eleven and a half years (11½) imprisonment at hard labor, and sentenced Baker to fifteen (15) years imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The district judge denied Baker's motion to reconsider the sentence.
On appeal, the Second Circuit affirmed Baker's adjudication and sentence as an habitual offender. The appellate court rejected Baker's sole argument that his adjudication and sentencing as an habitual offender following his conviction for felon in possession of a firearm constituted "double enhancement" prohibited by this court's decisions in State v. Sanders, 337 So.2d 1131 (La.1976) and State v. Firmin, 354 So.2d 1355 (La.1978).[1] We granted the defendant's writ application to review the correctness of that decision.[2]

LAW AND DISCUSSION

Prior Precedent from this Court
Baker urges that his habitual offender adjudication and sentence must be vacated under the holdings of Sanders and Firmin. In Sanders, this court was presented with the res nova question "whether the state may multiple-bill a person, who was convicted under R.S. 14:95.1 of being a convicted felon who carries a concealed weapon, by using in the multiple-bill the same felony convictions alleged as elements of the offense." Id., 337 So.2d at 1132.
The defendant in that criminal matter, Clarence Sanders, had three prior felony convictions for the following crimes: an armed robbery in 1955, another armed robbery in 1961 and attempted simple burglary in 1970. He was subsequently charged with violating La. R.S. 14:95.1, which makes it a crime for a convicted *950 felon to carry a concealed weapon. The underlying felonies used to support the firearm violation were the 1961 armed robbery and the 1970 attempted simple burglary. After conviction and sentencing, the state relied upon both armed robbery and the attempted simple burglary convictions to have Sanders adjudicated as an habitual offender so that his punishment for the firearms conviction could be increased. Sanders filed a motion to quash the multiple offender bill, which was granted by the trial court.
On review, this court discussed two concepts. First, the court found that the state's attempt to further enlarge Sanders' firearms penalty was an improper attempt to use the defendant's prior convictions twice: "first, to establish his status as a convicted felon so as to convict him of the crime, and, second to increase the penalty through a multiple bill." Id., 337 So.2d at 1134. In finding such a "double enhancement" improper, the court noted that "[t]he act of possessing or concealing [a weapon under La. R.S. 14:95.1] becomes a felony only because the person has the status of convicted felon" and that the legislature itself had imposed an increased penalty on a felon who was found to be the possessor or concealor of a weapon. Id. Thus, the court answered the res nova question presented by the facts of that case in the negative, i.e. the state may not use the habitual offender law to enhance a sentence for a conviction under La. R.S. 14:95.1 by using in the multiple bill the same felony convictions alleged as elements of the firearm offense.
The second concept which Sanders discussed was a determination that no further enhancement, other than the penalties already described in La. R.S.14:95.1, could be made to a sentence imposed under that statute. In reaching this conclusion, the court presumed that the legislature must not have intended for the state to use the habitual offender law to further enhance a sentence for a firearms conviction under La. R.S. 14:95.1. "Since the legislature in passing R.S. 14:95.1 has in that very statute provided enhanced penalties for the act of concealing a weapon when the concealor is a felon, we therefore presume that it must not have intended the multiple enhancement incident to the state's using R.S. 15:529.1 to further enhance the penalty." Sanders, 337 So.2d at 1134. To support the court's presumption, the court looked to the decisions of other state courts regarding enhancement of crimes which took into account the status of the offender and the fact that the legislature did not specifically indicate in the language of the firearms statute that a sentence imposed under La. R.S. 14:95.1 could be enhanced under the habitual offender law. Sanders, 337 So.2d at 1134-35.
The court's ultimate holding in Sanders was the following statement:
Consequently, we find that the penalty provisions enacted in R.S. 14:95.1 were intended by the legislature to delimit the permissible punishment for that offense because the statute itself takes into account the fact of defendant's previous felony conviction and the legislature gave no indication that it wanted the multiple-billing procedure to remain available as a vehicle for further enlargement of the penalty.

Id., 337 So.2d at 1135.
Despite the second, more far-reaching holding of Sanders, the decision was bound to its facts, that is, the state had attempted to use the habitual offender law to enhance a sentence for a conviction under La. R.S. 14:95.1 by using in the multiple bill the same felony convictions alleged as an element of the firearms offense.
Two years later, the court subsequently removed any doubt as to the reach of the *951 Sanders decision in Firmin. In Firmin, the defendant was charged with, and found guilty of, a violation of La. R.S. 14:95.1, in that he carried a concealed weapon having been previously convicted of possession of narcotics. Prior to sentencing, the state filed a bill of information pursuant to La. R.S. 15:529.1 charging that Firmin was a second offender, relying on the present firearm conviction and a previous felony conviction for violation of the Federal Gun Control Act of 1968. Firmin admitted the allegations of the multiple bill and was sentenced as an habitual offender. Relying on Sanders, the court in Firmin vacated the sentence and held: "[a]lthough in the instant case the state relied upon one prior conviction in charging the defendant with having violated La. R.S. 14:95.1 and a different prior conviction in seeking to have his sentence enhanced under the provisions of La. R.S. 15:529.1, the rule of State v. Sanders, supra, is still applicable and the defendant should not have been sentenced as a multiple offender." Firmin, 354 So.2d at 1355. As applied in Firmin, the rule of Sanders prevents double use of a defendant's recidivist offender status, not simply the double use of any particular prior felony conviction.
Although Firmin has not been cited as authority in any subsequent opinions, Sanders has continued to be cited as authority, both in situations involving La. R.S. 14:95.1 and for other crimes for the propositions: (1) that the same prior conviction cannot be used as an element in the underlying felony and as a prior conviction in a multiple offender bill seeking to enhance that felony,[3] and (2) that when a defendant's recidivist status is an element of a felony offense, the punishment for that offense cannot be further enhanced.[4]

Court of Appeal Analysis
On appeal, Baker argued that his adjudication as a multiple offender was improper under Sanders and Firmin as an impermissible double enhancement of his firearms conviction. The state countered that no double enhancement occurred because Baker's 1996 aggravated battery conviction supported Baker's firearm violation under La. R.S. 14:95.1, while his prior 1999 conviction for possession of stolen things was used to support the habitual offender charge under La. R.S. 15:529.1.
Although the Second Circuit acknowledged the reasoning of this court's opinions in Sanders and Firmin, the appellate court continued its analysis by citing to, and ultimately relying upon, appellate court cases which address a totally different issue than the one presented here. Instead of trying to determine whether a sentence under La. R.S. 14:95.1 could be enhanced by habitual offender proceedings, the court of appeal focused on the use of a firearms conviction to enhance a subsequent conviction.
The appellate court cited to the Fourth Circuit's opinion in State v. Hymes, 513 So.2d 371 (La.App. 4 Cir.1987), wherein that appellate court held that a felon in possession of a firearm conviction may be used to enhance the penalty for a subsequent conviction only if the underlying felony used as an element in the firearms *952 conviction is not also used in the same multiple bill. Id., 513 So.2d at 373.[5] In a variant on that concept, the Second Circuit also noted cases where it and other courts of appeal have held that a prior conviction used to enhance the commission of a subsequent crime into a second offense (for example, second offense narcotics possession) may not thereafter be used in the habitual offender bill following the defendant's conviction for a subsequent felony when both the original conviction and second offense conviction appear in the same multiple bill. See generally State v. Smith, 2005-375 p. 10 (La.App. 4 Cir. 7/20/05), 913 So.2d 836, 842; State v. White, 39,634 p. 3 (La.App. 2 Cir. 6/16/05), 907 So.2d 180, 182, writ denied, 2005-2097 (La.3/10/06), 925 So.2d 510; State v. Iverson, 37,369 p. 5 (La.App. 2 Cir. 9/24/03), 855 So.2d 835, 838-839, writ denied, 2003-2950 (La.5/14/04), 872 So.2d 510; and State v. Harrison, 32,643 p. 10 (La.App. 2 Cir. 10/27/99), 743 So.2d 883, 889-890, writ denied, XXXX-XXXX (La.6/30/00), 765 So.2d 327.
From these appellate court opinions, the Second Circuit drew the conclusion that "no impermissible double enhancement occurred in Baker's case" because the conviction used to prove an essential element of the firearm possession offense was not the prior conviction then used to enhance the offender status and sentence of the firearm conviction under the habitual offender proceedings. Baker, 40,997 p. 6, 935 So.2d at 369.

Analysis
Although the court of appeal ignored clear precedent from this court, a practice which we cannot condone, its doing so resulted in our granting a writ of review. Consequently, the court has been provided with an opportunity to re-evaluate our previous opinions on this issue.
Our interpretation of a Louisiana criminal statute is governed by the following rule:
. . . in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.
La. R.S. 14:3; see State v. Skipper, 2004-2137 p. 3 (La.6/29/05), 906 So.2d 399, 403.
As originally enacted, and as the form of the statute at issue in Sanders, La. R.S. 14:95.1 provided:
§ 95.1 Possession of firearm or carrying concealed weapon by a person convicted of certain felonies
A. it is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less *953 than three nor more than ten years. If such conviction is for the crime of carrying a concealed weapon, such sentence shall be without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
(1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
(2) Upon completion of sentence, probation, parole, or suspension of sentence the convicted felon shall have the right to apply to the sheriff of the parish in which he resides, or in the case of Orleans Parish the superintendent of police, for a permit to possess firearms. The felon shall be entitled to possess the firearm upon the issuing of the permit.
(3) The sheriff or superintendent of police, as the case may be, shall immediately notify the Department of Public Safety, in writing, of the issuance of each permit granted under this Act. Acts 1975, No. 492, § 2.

In Sanders, the court pretermitted discussion of constitutional issues of double jeopardy and due process by deciding the issue presented on the basis of legislative intent.[6]See Sanders, 337 So.2d at 1134. Similarly, our current analysis will focus on the clear language of the statute, its context and its purpose.

Statutory Language
In Sanders, this court noted that the terms of the statute did not "indicate that a greater penalty could be superimposed by multiple-billing" and from that determined that the intent of the legislature was to prevent habitual offender enhancement of a sentence under La. R.S. 14:95.1. Id., 337 So.2d at 1135. Sanders contrasted the lack of explicit language in the firearms statute with explicit language in a then-recent amendment of La.C.Cr.P. art. 893, which indicated that the state could multiple bill a person on the basis of a suspended sentence. Id.
After reviewing the language of La. R.S. 14:95.1, we find that there is nothing in the statute, both as originally enacted and as now configured,[7] which explicitly *954 indicates that a penalty imposed under this statute may be subsequently enhanced. The converse is also true. There is nothing in the language of the statute which explicitly prohibits a penalty imposed under this statute from being subsequently enhanced. Consequently, the actual wording of the statute does not address the issue of subsequent enhancement of the statute's penalty.
We find our previous reasoning in Sanders to be faulty in this respect. Although the legislature did include specific language regarding enhancement in La. C.Cr.P. art. 893, the lack of explicit language in the statute at issue does not automatically mean that the habitual offender law does not apply. Instead, we find the lack of such specific language in the firearm statute to be similar to many other felony criminal statutes, which rely on the general applicability of the language of the habitual offender law to enhance the penalties of those crimes when there are prior felony convictions.[8] La. R.S. 15:529.1 *955 provides for enhancement of penalties for "[a]ny person who, after having been convicted within this state of a felony. . . . thereafter commits any subsequent felony within this state . . .". As this court has previously noted, there is no restriction on the type of felony which may be enhanced by the habitual offender law. State v. Murray, 357 So.2d 1121, 1124 (La.1978), rev'd on other grounds, State v. Skipper, 2004-2137 p. 24 (La.6/29/05), 906 So.2d 399, 416. Only by reading into the statute something which is not there, i.e. a specific prohibition as to further enhancement, can the result in Sanders be reached. We find that the language of La. R.S. 14:95.1 does not support a finding that a penalty imposed under its provisions may not be enhanced by the habitual offender law.

Statutory Purpose
We find there is nothing in the statute's purpose which would prevent enhancement of a penalty imposed under its provisions. This court has previously determined the purpose of La. R.S. 14:95.1, as follows:
It is beyond doubt that the statute challenged in the instant case [La. R.S. 14:95.1] was passed in the interest of the public and as an exercise of the police power vested in the legislature. Its purpose is to limit the possession of firearms by persons who, by their past commission of certain specified serious felonies, have demonstrated a dangerous disregard for the law and present a potential threat of further or future criminal activity.
State v. Amos, 343 So.2d 166, 168 (La. 1977).
Similarly, there is nothing in the purpose of the habitual offender law which would prohibit enhancement of a sentence under La. R.S. 14:95.1. "The purpose of the Habitual Offender Law is to deter and punish recidivism." State v. Everett, 2000-2998 p. 7 (La.5/14/02), 816 So.2d 1272, 1276.
Further, we do not find that the combination of these two statutes would lead to a result unintended by their purposes. We do not find that a sentence imposed under La. R.S. 14:95.1, enhanced as a habitual offender, would negate the purpose of limiting the possession of firearms by persons who have already demonstrated a dangerous disregard for the law and who present a potential threat of further or future criminal activity. In fact, a person who, having been convicted of multiple felonies, now possesses or conceals a firearm in violation of the law, is precisely the sort of person whose punishment should be enhanced as a multiple offender.

Statutory Context
Turning now to the context of the statute, we see that our determination in Sanders was perhaps unduly influenced by the manner of the statute's enactment. La. R.S. 14:95.1 was enacted in 1975 in the same act which amended provisions of the previously existing La. R.S. 14:95. La. R.S. 14:95 makes criminal the intentional concealment of a firearm, and various other offenses concerning other types of weapons, and is punished as a misdemeanor for a first offense.[9] Second and subsequent *956 convictions of La. R.S. 14:95 are punishable as felonies. In fact, in the same legislative act which enacted La. R.S. 14:95.1, a separate section amended the penalty sections of La. R.S. 14:95 to provide for a sentence of imprisonment of up to five years for a second conviction, and up to ten years imprisonment on a third or subsequent conviction.[10]
A review of the reasoning in Sanders makes clear that the court previously considered La. R.S. 14:95.1 as some sort of extension of La. R.S. 14:95. Sanders notes that, by passing La. R.S. 14:95.1, the legislature raised the maximum penalty for carrying a concealed weapon from a misdemeanor to a felony with a punishment of ten years "because the person has committed prior felonies." Sanders, 337 So.2d at 1133. However, in La. R.S. 14:95.1, "the legislature enacted special legislation to punish a person who has been convicted of certain enumerated felonies and who possesses a firearm or concealed weapon." State v. Clement, 368 So.2d 1037, 1039 (La.1979). Although there is some overlap with regard to making the concealment of a firearm a crime, La. R.S. 14:95 does not make criminal the mere possession of a firearm,[11] as is done by La. R.S. 14:95.1 when the additional element of a prior felony conviction is also present.[12]
Nevertheless, in Sanders, we characterized the enactment of La. R.S. 14:95.1 as an "increased penalty" imposed on a possessor or concealor of a weapon who was a felon and made assumptions about both the reasons for the statute's enactment and presumptions about how the statute should apply. We held:

[w]e assume that the legislature was prompted to make this change because a person multiple-billed after conviction under the original statute, R.S. 14:95, could usually be given only a very short sentence.[13] Since the legislature in passing R.S. 14:95.1 has in that very statute provided enhanced penalties for the act of concealing a weapon when the concealor is a felon, we therefore presume that it must not have intended the multiple enhancement incident to the state's using R.S. 15:529.1 to further enhance the penalty. (Emphasis added)
However, our assumption, that the purpose behind the legislature's enactment of La. R.S. 14:95.1 was to provide for greater punishment of a multiple offender of La. R.S. 14:95, was invalidated in that the very act which created La. R.S. 14:95.1 also included in another section harsher punishments for second and subsequent offenders of La. R.S. 14:95. Consequently, our presumption, that the legislature did not intend for habitual offender enhancement of a penalty imposed under La. R.S. *957 14:95.1, was unfounded. La. R.S. 14:95.1 set forth a separate and distinct felony, the penalty for which is unrelated to any previous felony conviction. Compare State v. Cox, 344 So.2d 1024 (La.1977), superceded by statute as stated in State v. Goodin, 550 So.2d 801, 804 (La.App. 2 Cir.1989).[14] Thus, as with a penalty imposed by other criminal statutes, the general applicability of the habitual offender law is not prohibited.
Nor was further analysis added by the court's pronouncement in Firmin. Indeed, Firmin, a three-paragraph per curiam opinion, states without additional reasoning that the "rule of State v. Sanders, supra, is still applicable and the defendant should not have been sentenced as a multiple offender." Id., 354 So.2d at 1355.
We hold today that our determination in both Sanders and Firmin, that a sentence imposed under La. R.S. 14:95.1 may not be further enhanced under the habitual offender statute, was in error, and these cases are overruled to the extent that they stand for this proposition. However, we note that the other holding in Sanders, that the state may not seek multiple enhancement of a defendant's sentence on the basis of the same set of prior convictions, was recently cited with approval by this court in State v. Ruiz, XXXX-XXXX p. 12-13 (La.4/11/07), 955 So.2d 81, 89. Since in this case the state used a different prior felony conviction as the element in charging a violation of La. R.S. 14:95.1 from the prior felony conviction used in the multiple offender bill of information to enhance the firearms sentence, we are not required to re-evaluate that portion of the holding in Sanders.

Statutory Intent
Upon our re-evaluation of the interpretation and statutory intent of La. R.S. 14:95.1, we find that our earlier holding in Sanders, to the extent that we held that a sentence imposed under La. R.S. 14:95.1 may not be enhanced as an habitual offender, was in error. Instead, we hold that, in order to give a genuine construction to La. R.S. 14:95.1, according to the fair import of the words of the statute, taken in their usual sense, and in connection with the context and with reference to the purpose of the provision, a sentence imposed under La. R.S. 14:95.1 may be enhanced under the habitual offender law, as long as the prior felony conviction used as an element in the firearms conviction is not also used as a prior felony conviction in the habitual offender bill of information.

Applicability to Baker
During oral argument, the question was raised as to what effect there should be for the defendant herein should we rule that our holding in Sanders was in error. Our *958 court most recently explained the answer to this question in Ruiz, which held that jurisprudence correcting erroneous statutory construction should apply retroactively to non-final convictions. Id., XXXX-XXXX, p. 5, 955 So.2d at 85. Consequently, our holding is retroactively applicable to Baker, the defendant, and to any other criminal defendant whose conviction is not yet final or pending on direct appeal.

CONCLUSION
We find that a sentence imposed under La. R.S. 14:95.1 may be enhanced under the habitual offender law, as long as the prior felony conviction used as an element in the firearm conviction is not also used as a prior felony conviction in the multiple offender bill of information. To the extent that cases state to the contrary, including State v. Sanders, 337 So.2d 1131 (La.1976) and State v. Firmin, 354 So.2d 1355 (La.1978), they are overruled.
AFFIRMED.
CALOGERO, C.J., dissents and assigns reasons.
JOHNSON, J., dissents.
CALOGERO, Chief Justice, dissenting.
I respectfully dissent from the majority opinion. In this court's seminal opinion in State v. Sanders, 337 So.2d 1131 (La.1976), we held that the state may not multiple-bill a person who has been convicted under La.Rev.Stat. 14:95.1 of being a convicted felon in possession of a firearm by using in the multiple offender bill the same felony conviction or convictions alleged as elements of the firearms offense. Regarding the legislative intent behind the penalty provision, we specifically observed that "the penalty provisions enacted in La.Rev. Stat. 14:95.1 were intended by the legislature to delimit the permissible punishment for that offense because the statute itself takes into account the fact of defendant's previous felony conviction and the legislature gave no indication that it wanted the multiple-billing procedure to remain available as a vehicle for further enlargement of the penalty." Sanders, 337 So.2d at 1135.
In State v. Firmin, 354 So.2d 1355 (La. 1978), this court then specifically applied the Sanders rationale to facts identical to the instant case and held that the state may not adjudicate and sentence a defendant as a habitual offender under La.Rev. Stat. 15:529.1 after his conviction in the same prosecution for being a felon in possession of a firearm, even when the conviction or convictions used to charge the defendant as a habitual offender are not the same convictions used to convict him of the firearm offense. Thus, in Firmin and Sanders, this court identified and enforced the intent of the legislature regarding sentencing enhancement for violations of La.Rev.Stat. 14:95.1 under the habitual offender law, La.Rev.Stat. 15:529.1.[1] Because we did not base our ruling in Firmin and Sanders on any perceived constitutional constraint upon the legislature, the legislature, had it disagreed with our assessment of its legislative intent, could certainly have revised the law. The legislature has chosen not to do so for almost thirty years.
*959 Instead, today a majority, apparently emboldened by the refusal of a subordinate appellate court to follow jurisprudence from this court directly on point, has decided to revise the sentencing scheme identified by this court in Sanders and Firmin as embodying the intent of the legislature. In a baffling decision, the appellate court, though it acknowledged this court's controlling precedent in Firmin, chose to cite and misapply jurisprudence addressing entirely different issues. Although the majority reproofs the appellate court's approach, it now ratifies the lower court's action by upsetting nearly thirty years of settled law. In my view, there is no rational or legal basis for overruling Firmin and Sanders in part as the majority does today. Accordingly, I would vacate the defendant's habitual offender adjudication and sentence under La.Rev.Stat. 15:529.1 and reinstate the sentence imposed by the trial court: eleven and one-half years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence.

ON APPLICATION FOR REHEARING
Rehearing denied.
CALOGERO, Chief Justice, granting rehearing and assigning reasons.
I would grant rehearing in this matter on two bases.
First, for the reasons assigned in my dissent on original hearing, I believe there was no rational or legal basis for overruling State v. Firmin, 354 So.2d 1355 (La. 1978), and State v. Sanders, 337 So.2d 1131 (La.1976). State v. Baker, 06-2175 (La.10/16/07), 970 So.2d 948, 2007 WL 2994601, Calogero, C.J., dissenting. This court in those cases identified and enforced the legislative intent regarding sentencing enhancement for violations of La. Rev.Stat. 14:95.1 under the habitual offender law, La.Rev.Stat. 15:529.1, and the legislature has presumably agreed with that interpretation as it did not revise the law thereafter.
Second, I believe the defendant makes a credible argument that the majority's wholly new and substantive interpretation of La.Rev.Stat. 15:529.1 and La.Rev.Stat. 14:95.1 should not retroactively apply to his guilty plea. The law as interpreted by this court at the time of the commission of the offense, as well as when the defendant entered his guilty plea, clearly and unequivocally provided that a sentence for a violation of La.Rev.Stat. 14:95.1 could not be further enhanced under La.Rev.Stat. 15:529.1; therefore, as the defendant asserts, in entering his guilty plea, he and his counsel reasonably relied on this court's clear pronouncement of the law. Now that the majority has substantively changed the law and made that change retroactive to the defendant, his plea, premised as it was on the law in effect at the time of the commission of the offense and when he entered his plea, is rendered unknowing and involuntary.
In Rogers v. Tennessee, 532 U.S. 451, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001), the United States Supreme Court noted that a judicial change in the law could deprive a defendant of his due process rightsin particular, notice, foreseeability, and the right to fair warningif the change were unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, citing Bouie v. City of Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). In the instant case, surely the majority's substantive reinterpretation of the statutes was unexpected, as this court had specifically identified and enforced the legislative intent behind the statutes, and the legislature had left that interpretation in place for decades. Moreover, the majority's new interpretation, *960 which is certainly more onerous for this defendant, is not defensible given this court's prior statements of the law, as I set forth in my earlier dissent. Accordingly, I believe that retroactive application of the majority decision to this defendant violates his due process rights, and, at a minimum, he should be allowed to withdraw his plea of guilty.
NOTES
[1] State v. Baker, 40,997 (La.App. 2 Cir. 6/28/06), 935 So.2d 366.
[2] State v. Baker, 2006-2175 (La.5/11/07), 955 So.2d 1269.
[3] See State v. Murray, 357 So.2d 1121, 1124 (La.1978), rev'd on other grounds, State v. Skipper, 2004-2137 p. 24 (La.6/29/05), 906 So.2d 399, 416; State v. Hayes, 412 So.2d 1323, 1326 (La.1982); State v. Ruiz, XXXX-XXXX p. 12-13 (La.4/11/07), 955 So.2d 81 89.
[4] See State v. Cox, 344 So.2d 1024, 1025 (La. 1977), superceded by statute as stated in State v. Goodin, 550 So.2d 801, 804 (La.App. 2 Cir.1989); State v. Holland, 356 So.2d 427, 428 (La.1978); State v. Young, 357 So.2d 503, 504 (La.1978); State v. Williams, 358 So.2d 943, 947 (La.1978); State v. Morris, 429 So.2d 111, 122 (La.1983).
[5] See also State v. Walker, 2000-334 p. 4 (La. App. 1 Cir. 12/22/00), 775 So.2d 663, 665, writ denied, 2001-235 (La.12/7/01), 803 So.2d 23.
[6] Since our holding in Sanders, La. R.S. 14:95.1 has withstood constitutional challenges on several grounds: State v. Amos, 343 So.2d 166 (La.1977) (statute not a violation of 1974 La. Const. art. 1, § 11; U.S. Const. Amend. II guarantee of the right to keep and bear arms not carried over into Amend. XIV so as to be applicable to the states); State v. Clement, 368 So.2d 1037 (La.1979) (statute not violative of U.S. Const. Amend. XIV or 1974 La. Const. art. 1, § 3).
[7] Subsequent to its enactment, the legislature amended the statute several times to expand the list of enumerated prior felonies which may serve as an element of the offense, and once to increase the penalty from "three nor more than ten" years imprisonment to "ten nor more than fifteen" years imprisonment. See Acts 1980, No. 279; Acts 1985, No. 947; Acts 1990, No. 328; Acts 1992, No. 403; Acts 1994 3rd Ex.Sess., No. 28; Acts 1995, No. 987; Acts 2003, No. 674.

The statute currently provides:
§ 95.1. Possession of firearm or carrying concealed weapon by a person convicted of certain felonies
A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(B) which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony, or any crime which is defined as a sex offense in R.S. 15:541(14.1), or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above-enumerated crimes, to possess a firearm or carry a concealed weapon.
B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
(1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
(2) Upon completion of sentence, probation, parole, or suspension of sentence the convicted felon shall have the right to apply to the sheriff of the parish in which he resides, or in the case of Orleans Parish the superintendent of police, for a permit to possess firearms. The felon shall be entitled to possess the firearm upon the issuing of the permit.
(3) The sheriff or superintendent of police, as the case may be, shall immediately notify the Department of Public Safety, in writing, of the issuance of each permit granted under this Section.
[8] The penalty provisions of the following felony offenses contain no language regarding the enhancement of the sentence under the habitual offender law. However, there can be no doubt that these penalties are subject to the general applicability of the habitual offender law. The following listing is non-inclusive and illustrative only: (1) Manslaughter, La. R.S. 14:31(B); "[w]hoever commits manslaughter shall be imprisoned at hard labor for not more than forty years. . . ."; (2) Aggravated battery, La. R.S. 14:34; "[w]hoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both."; (3) Forcible rape; La. R.S. 14:42.1(B); "[w]hoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence."; (4) Simple rape, La. R.S. 14:43(B); "[w]hoever commits the crime of simple rape shall be imprisoned, with or without hard labor, without benefit of parole, probation;, or suspension of sentence, for not more than twenty-five years."; (5)Simple kidnapping, La. R.S. 14:45(B), "[w]hoever commits the crime of simple kidnapping shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than five years, or both."; and (6)Aggravated arson, La. R.S. 14:51, "[w]hoever commits the crime of aggravated arson shall be imprisoned at hard labor for not less than six nor more than twenty years, and shall be fined not more than twenty-five thousand dollars. Two years of such imprisonment at hard labor shall be without benefit of parole, probation, or suspension of sentence."
[9] By 1995 amendment, the statute added increased penalties for a first conviction (not less than one year nor more than two years, with or without hard labor and/or a fine of not more than $2000) when the firearm was used in the commission of a crime of violence.
[10] See 1975 Acts, No. 492, § 1.
[11] Except for an enemy alien, a situation not at issue here. See former La. R.S. 14:95(2), and current La. R.S. 14:95(A)(2).
[12] Sanders, 337 So.2d at 1133. See State v. Mose, 412 So.2d 584, 585 (La.1982) (there are three elements necessary to sustain a conviction under La. R.S. 14:95.1:(1) status of a defendant as a convicted felon; (2) possession [or concealment] by the defendant; and (3) that the instrumentality possessed [concealed] was a firearm).
[13] "Even if multiple billed as a second offender, when that second conviction is for a violation of R.S. 14:95, carrying a concealed weapon, a person can be sentenced only to a minimum of two months and a maximum of one year; as a third offender he can be sentenced to a minimum of three months and a maximum of one year; and as a fourth offender to a minimum of twenty years and a maximum of life imprisonment. These figures show that, even if enhanced by a multiple-bill under R.S. 15:529.1, the penalties available are minimal, except when the defendant is a fourth offender."
[14] In Cox, this court relied upon Sanders to hold that a sentence imposed for simple escape could not be further enhanced under habitual offender provisions. At the time Cox was decided, the simple escape statute provided for a double scale of punishment: "if the offense is committed by a person sentenced to the Department of Corrections, i.e., a felon, the escape is likewise a felony; but, if the offense is committed by one not sentenced to the Department of Corrections, it is a misdemeanor for which a lessor penalty is provided." Cox, 344 So.2d at 1025. Consequently, in the case of simple escape, the grade of the prior offense determined whether the punishment for simple escape was a misdemeanor or a felony. Subsequent to our decision in Cox, the simple escape statute was amended by Act 413 of 1985 to provide that the penalty was imprisonment punishable with or without hard labor, and therefore, a felony. "After the amendment, the penalty for simple escape is no longer enhanced because of a previous felony conviction. The crime of simple escape is itself a separate and distinct felony, the penalty for which is unrelated to any previous felony conviction." State v. Walker, 2000-334 p. 5 (La.App. 1 Cir. 12/22/00), 775 So.2d 663, 665-666.
[1] It is well-settled that the function of statutory interpretation and the construction to be given to legislative acts rests with the judicial branch. E.g., State v. Dick, 06-2223, pp. 8-9 (La.1/26/07), 951 So.2d 124, 130. Furthermore, the rules of statutory construction are designed to ascertain and enforce the intent of the legislature. Id. Finally, legislation is the solemn expression of legislative will, and, thus, the interpretation of legislation is the search for legislative intent. Id.