The trial court’s adjudication of defendant as a third offender and its sentence of 35 years imprisonment at hard labor following conviction for possession of cocaine with intent to distribute are reinstated.
In vacating that adjudication and sentence, the court of appeal purported to apply our decision in State v. Baker, 06-2175 (La.10/16/07), 970 So.2d 948, which overruled our prior decision in State v. Sanders, 337 So.2d 1131 (La.1976) in part, and held that a sentence imposed upon a conviction for felon in possession of a firearm in violation of La.R.S. 14:95.1 is subject to further enhancement under the habitual offender provisions of La.R.S. 15:529.1, as long as the prior felony conviction used as an element in the firearm conviction is not also used as a prior felony conviction in the habitual offender bill of information. In the present case, the court of appeal reasoned that because the state used defendant’s prior conviction for second offense possession of marijuana as a basis to charge and convict him of third | ¡^offense possession of marijuana, in the same proceeding that resulted in defendant’s conviction/for possession of cocaine with intent to distribute, Baker prevented the state from using the prior conviction for. second offense possession of marijuana in the habitual offender bill filed on the cocaine conviction. State v. Foster, 43,777, p. 18 (La.App.2d Cir.1/28/09), 3 So.3d 595, 606 (“Under the reasoning of the Louisiana Supreme Court in Baker ... the defendant did face double enhancement of his sentence: the prior possession of marijuana offense that the defendant pled guilty to on August 25, 1999 was used to enhance both the defendant’s sentences under the possession of marijuana, third offense conviction and the possession with intent to distribute cocaine.”).
However, Baker considered the question of “double enhancement” in the context of a single conviction, an essential element of which was the defendant’s pri- or conviction for a qualifying offense. We specifically noted that the case did not implicate the other rule of Sanders, cited with approval in State v. Ruiz, 06-1755 (La. 4/11/07, pp. 12-13 (La.4/11/07), 955 So.2d 81, 89, and thus left in tact by Baker, that the state, may not use the same set of prior convictions to enhance the penalties provided for the underlying offense and then to enhance those enhanced penalties under the habitual offender provisions of La.R.S. 15:529.1. Baker, 06-2175, p. 15, 970 So.2d at 957. However, in the present case, although the state used the prior conviction for second offense possession of marijuana twice, double enhancement for purposes of Baker (ie., enhancement of enhanced penalties) did not occur because the state used that conviction only once on the count charging third offense possession of marijuana (to enhance the status of the crime and punishment from a second to third offense) and only once on the separate conviction for possession of cocaine with intent to distribute, to enhance defendant’s status from a second to third offender for sen *886 tencing purposes under the habitual offender law in La.R.S. 15:529.1.