McClendon, j.
| ^Defendant, Troy K. Guidera, was charged by amended bill of information with one count of fourth-offense driving while intoxicated (DWI), a violation of LSA-R.S. 14:98 E, and he entered a plea of not guilty.[1] After a jury trial, defendant was found guilty as charged. The trial court denied defendant’s motion for new trial, and it sentenced defendant to serve a period of 20 years at hard labor, without benefit of - parole, probation, or suspension of sentence. The State subsequently filed a habitual offender bill of information, alleging defendant to be a *341 fourth-felony habitual offender.[2] After a hearing, the trial court adjudicated defendant a third-felony habitual offender. The trial court vacated defendant’s twenty-year sentence and resentenced defendant to twenty-five years at hard labor without benefit of probation or suspension of sentence. Defendant now appeals, alleging three counseled assignments of error and one pro se assignment of error. For the following reasons, we affirm defendant’s conviction, habitual offender adjudication, and habitual offender sentence.
FACTS
On the evening of May 7, 2011, Trooper Charles Robinson was traveling southbound on La. Hwy. 59 in St. Tammany Parish when he observed the driver of a gray pickup truck execute an illegally-wide turn, pull into a gas station, and park at an odd angle. Trooper Robinson activated his emergency lights and pulled into the gas station. He advised the driver of the truck, identified at trial as defendant, to exit the vehicle. As defendant approached, Trooper Robinson observed that defendant was swaying, had red and glassy eyes, spoke with a slur, and smelled strongly of alcohol. Trooper Robinson immediately informed | ¡¡defendant of his Miranda [3] rights, and he began to conduct a standardized field sobriety test on him. Defendant performed poorly on all three parts of the test. Trooper Robinson placed defendant under arrest and transported him to the police station, where defendant refused to submit to any scientific testing. Defendant later fell asleep while Trooper Robinson completed paperwork relating to defendant’s arrest. At trial, the state introduced certified copies of defendant’s prior DWI convictions, and Lieutenant Dawn Powell of the St. Tammany Parish Sheriffs Office crime lab matched defendant’s fingerprints to those taken at the time of his felony DWI convictions in docket numbers 218860, 322404, and 482123. Through the testimonies of Monica George and Elizabeth Blanton, probation and parole officers with the Department of Public Safety and Corrections (DPSC), the State established that the ten-year cleansing period had not run with respect to any of these three felony DWI convictions.[4]
COUNSELED ASSIGNMENT OF ERROR NUMBER 1
In his first counseled assignment of error, defendant contends that the trial court erred in using one of the same pri- or convictions used to convict defendant of fourth-offense DWI to adjudicate defendant a third-felony habitual offender, resulting in a “double enhancement.” Specifically, defendant argues that his conviction under St. Tammany Parish docket number 322404 was a predicate for defendant’s fourth-offense DWI conviction, and was also listed as a “prior felo *342 ny” for purposes of the habitual offender bill of information.
For purposes of the Habitual Offender Law, LSA-R.S. 15:529.1, a defendant’s current offense “shall not be counted as, respectively, a second, third, fourth, or higher offense if more than ten years have elapsed between the date of the commission of the current offense or offenses and the expiration of the maximum sentence or sentences of the previous conviction or convictions, or between the expiration of the maximum sentence or sentences of each 1 ¿preceding conviction or convictions alleged in the multiple offender bill .and the date of the commission of the following offense or offenses.” See LSA-R.S. 15:529.1 C. In computing those intervals of time, any period of parole, probation, or incarceration by a person in a penal institution, within or without the state, shall not be included in the computation of any of said ten-year periods between the expiration of the maximum sentence or sentences and the next succeeding offense or offenses. See LSA-R.S. 15:529.1 C.
Before addressing whether defendant’s prior conviction for DWI under St. Tammany Parish docket number 322404 was improperly used in defendant’s habitual offender bill of information, we must decide whether defendant’s conviction for fourth-offense DWI is subject to enhancement at all under the Habitual Offender Law. Previously, in State v. Campbell, 03-3035, p. 10 (La.7/6/04), 877 So.2d 112, 118, the supreme court held that a defendant convicted of third-offense DWI could not have his sentence enhanced under the Habitual Offender Law, even where he had two prior non-DWI felony convictions. The court reasoned that habitual offender adjudication under LSA-R.S. 15:529.1 would preclude a trial court from crafting a sentence which complied with the requirements of LSA-R.S. 14:98 D (prior to amendment by 2005 La. Acts No. 497, § 1). See Campbell, 03-3035 at p. 10, 877 So.2d at 118-19. At the time, LSA-R.S. 14:98 D(l)(a) provided, in pertinent part, that for a third-offense DWI “notwithstanding any other provision of law to the contrary ... the offender shall be imprisoned ... for'not less than one year nor more than five years.... Thirty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended.... ” The court found that this provision directly conflicted with LSA-R.S. 15:529.1 G, which would have denied the defendant the benefit of either probation or suspension of sentence. The court pointed to the legislature’s mandate that the suspension of sentence required by LSA-R.S. 14:98 D be accompanied with substance abuse treatment as evidence that there was a clear conflict between the two statutes. Thus, the supreme |5court found that the defendant’s third-offense DWI sentence was not subject to enhancement.
In 2005, the legislature enacted 2005 La. Acts No. 497, § 1, which amended LSA-R.S. 14:98, subsections D and E, to eliminate the mandatory suspension of sentence provisions from these respective subsections. Accordingly, LSA-R.S. 14:98, subsections D and E, now place the decision to suspend any part of a defendant’s sentence within the trial court’s discretion. Only if a defendant is given the benefit of a suspended sentence and placed on parole is he mandated to submit to substance abuse treatment.
In State v. Shoupe, 46,395 (La.App. 2 Cir. 6/22/11), 71 So.3d 508, writ denied, 11-1634 (La.1/13/12), 77 So.3d 950, the second circuit reevaluated the supreme court’s holding from Campbell in light of the revisions to LSA-R.S. 14:98. Like the *343 defendant in this matter, Shoupe had been convicted of fourth-offense DWI. This conviction was subsequently enhanced under LSA-R.S. 15:529.1 as a second felony. The second circuit found that the 2005 amendment to LSA-R.S. 14:98, subsections D and E, “places those provisions in the same category as any other felony sentence with benefit of probation which may nevertheless be enhanced under La. R.S. 15:529.1.” Shoupe, 46,395 at p. 16, 71 So.3d at 517. Thus, the second circuit concluded that the statutory construction, as laid out by the supreme court in Campbell, was no longer applicable after the amendment to LSA-R.S. 14:98. Shoupe, 46,395 at p. 16, 71 So.3d at 518.
In State v. Firmin, 354 So.2d 1355 (La.1978) (per curiam), the supreme court held that its decision in State v. Sanders, 337 So.2d 1131 (La.1976), prevented the double use of a defendant’s recidivist offender status, thereby preventing the state from using a defendant’s recidivist offense as part of a habitual offender allegation. In Sanders, the court had disallowed the use of a defendant’s same prior conviction “first, to establish his status as a convicted felon so as to convict him of the [recidivist] crime, and, second to increase the penalty through a multiple bill.” Sanders, 337 So.2d at 1134. The | ^Sanders court also made a determination that no further enhancement, other than the penalties already described in the possession of a firearm by a felon statute, could be made to a sentence imposed under that statute. See Sanders, 337 So.2d at 1134-35. Although the supreme court had limited the Sanders decision to its facts, it later cited Sanders in Firmin for the second proposition, that is, that a conviction for possession of a firearm by a felon is not subject to further enhancement even where the alleged prior felonies were different at trial and in the habitual offender bill, respectively. See Firmin, 354 So.2d at 1355.
In State v. Baker, 06-2175 (La.10/16/07), 970 So.2d 948, cert. denied, 555 U.S. 830, 129 S.Ct. 39, 172 L.Ed.2d 49 (2008), the supreme court readdressed the issue of whether a defendant’s conviction for possession of a firearm by a felon could later be enhanced by the fifing of a habitual offender bill of information. In Baker, as in Firmin, the defendant had been previously convicted of two different felonies and charged with possession of a firearm by a felon. At trial, the state used Baker’s conviction for aggravated battery to prove the elements of the offense. The state later used Baker’s conviction for illegal possession of stolen things in a habitual offender bill of information, seeking to have Baker’s conviction for possession of a firearm by a felon enhanced. The court held that its determination in both Sanders and Firmin, that a sentence imposed pursuant to a conviction for possession of a firearm by a felon could not be further enhanced by the habitual offender law, was in error, and it overruled those cases to the extent that they stood for that proposition. See Baker, 06-2175 at p. 15, 970 So.2d at 957. The court noted that it had held in previous cases that there was no restriction on the type of felony which could be enhanced by the habitual offender law. See Baker, 06-2175 at p. 11, 970 So.2d at 955. According to the court, it could only have reached the Sanders result by reading something not present into the possession of a firearm by a felon statute, i.e., a specific prohibition as to further enhancement. See Baker, 06-2175 at p. 12, 970 So.2d at 955.
l7In fight of 2005 La. Acts No. 497, § 1 and Baker, we find that defendant’s conviction for fourth-offense DWI is subject to subsequent enhancement under the habitual offender law. We agree with the second circuit that the 2005 amendment to LSA-R.S. 14:98 eliminated the statutory con *344 struction conflict cited by the supreme court in Campbell. Further, the supreme court noted in Baker that there is no restriction on the type of felony which may be enhanced by the habitual offender law, except when a statute specifically prohibits further enhancement. Baker, 06-2175 at p. 12, 970 So.2d at 955. We find no such restriction in the DWI statute, so defendant’s fourth-offense DWI conviction is subject to further enhancement.
We now turn to defendant’s argument that one of the predicate offenses used to prove his conviction for fourth-offense DWI was also improperly used as a predicate for the enhancement to defendant’s sentence under the habitual offender law. A thorough review of the record indicates that the State alleged seven total predicate offenses in defendant’s habitual offender bill of information. These predicates included convictions for possession of cocaine, forgery, two counts of felony theft, attempted burglary of a business and another count of felony theft, and burglary. All of these alleged predicates were non-DWI offenses. In addition to alleging these predicates, the State included in defendant’s habitual offender bill of information the allegation that, in connection with his DWI offense under docket number 322404, defendant was in the custody of DPSC from September 28, 2000 until June 23, 2009. This allegation was made expressly to negate the cleansing period under LSA-R.S. 15:529.1 C. Defendant asserts in his brief that the entire habitual offender proceeding was tainted because a reference to this DWI offense was included in the habitual offender bill of information, and the trial court was unclear about which of the predicates it relied upon to adjudicate defendant a third-felony habitual offender. Therefore, defendant argues under Baker that his DWI offense may have been improperly used twice to convict him of the underlying offense and to enhance his sentence as a habitual offender.
|RAt the habitual offender hearing, the State introduced certified copies of the bills of information and minute entries for all of the alleged predicate convictions. The State also included the Boykin[5] examination transcripts for the alleged predicate convictions under docket numbers 234782 and 434399. In addition, the State introduced certified copies of the bill of information, minute entry, and a preliminary examination transcript from defendant’s DWI conviction under docket number 322404. Defense counsel argued that the State failed to carry its burden in proving that defendant was a fourth-felony habitual offender, citing unsigned minute entries and a lack of transcripts for any of the prior convictions. After a brief recess for the trial court to examine the records, defense counsel admitted that the State’s submission did in fact contain two Boykin examination transcripts for defendant’s alleged predicate convictions. However, he maintained the argument that the State had not carried its burden due to the unsigned minute entries.
The trial court adjudicated defendant to be a third-felony habitual offender. From the record, it appears to have made this determination as a result of the Boykin examination transcripts included with respect to docket numbers 234782 and 434399. By defense counsel’s own admission at the habitual offender hearing, the only transcript included with the information for defendant’s DWI conviction under docket number 322404 was for a preliminary examination. Based on the trial court’s apparent rejection of those alleged predicates unaccompanied by Boykin examination transcripts and its determina *345 tion that defendant was only a third-felony habitual offender, we conclude that the trial court did not use defendant’s DWI conviction under docket number 822404 to be a predicate conviction for the purposes of his habitual offender adjudication. Further, we find that the inclusion of this prior DWI conviction in defendant’s habitual offender bill of information served only to prove that the ten-year cleansing period under LSA-R.S. 15:529.1 had not 19elapsed due to defendant’s constant status as an inmate or parolee from September 28, 2000 until June 23, 2009.
This assignment of error is without merit.
COUNSELED ASSIGNMENTS OF ERROR NUMBERS 2 AND 3
In his second and third counseled assignments of error, defendant raises alleged errors regarding his underlying sentence for fourth-offense DWI in the event that this court vacated his habitual offender sentence. Defendant’s second counseled assignment of error alleges that his underlying sentence is constitutionally excessive, and his third counseled assignment of error alleges that the trial court failed to articulate the appropriate sentencing factors under LSA-C.Cr.P. art. 894.1. Because we do not vacate defendant’s habitual offender sentence, we will not address these assignments of error.
PRO SE ASSIGNMENT OF ERROR
In his sole pro se assignment of error, defendant asserts that the district attorney made an improper remark during closing arguments by telling the jury that they would be breaking the law if they failed to find defendant guilty. Defendant asserts that this statement was taken out of, or not put into, the transcript. After a thorough review of the record, we find no evidence that such a statement was made by the district attorney during his closing arguments, and defendant has not supported this assignment of error with any evidence of wrongdoing.
This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the defendant’s conviction, habitual offender adjudication, and habitual offender sentence are affirmed.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND HABITUAL OFFENDER SENTENCE AFFIRMED.

. The State alleged five predicate convictions in the bill of information, all of which were prior DWI convictions from St. Tammany Parish: 1) docket number 197322 — July 16, 1991 conviction date; 2) docket number 201454 — June 5, 1992 conviction date; 3) docket number 218860 — December 6, 1993 conviction date; 4) docket number 322404— September 28, 2000 conviction date; and 5) docket number 482123 — June 21,'2010 conviction date.

.The habitual offender bill of information alleged the following predicate convictions: 1) a conviction for possession of cocaine in St. Tammany Parish under docket number 434339; 2) a conviction for forgery in St. Tammany Parish under docket number 395269; and 3) convictions in St. Tammany Parish for two counts of felony theft, one count of attempted burglary of a business and one count of felony theft, and one count of burglary under docket numbers 234782, 234784, and 234785, respectively.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Defendant’s other two prior alleged DWI convictions appear to have been for misdemeanors, so DPSC never housed or supervised defendant with respect to those convictions.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).