# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2013

Lyle W. Cayce
Clerk

No. 11-30910
Summary Calendar

JOHN STANFORD LINDSEY,

Petitioner - Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-4502

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

For this challenge to the denial of relief under 28 U.S.C. § 2254, John Stanford Lindsey, Louisiana prisoner # 110560, is proceeding *pro se* and *in forma pauperis*. His underlying state-court conviction is for attempted creation or operation of a clandestine laboratory for the unlawful manufacture of methamphetamine, attempted possession with intent to distribute methamphetamine, conspiracy to produce and manufacture methamphetamine, and possession of 12 grams or more of pseudoephedrine. *State v. Lindsey*, No.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2006 KA 1102, 2007 WL 437677, at *1 (La. Ct. App. 9 Feb. 2007) (unpublished). Lindsey was adjudicated a fourth-felony offender and, accordingly, was sentenced to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. *Id.*; LA. REV. STAT. § 15:529.1(A)(1)(c)(ii) (2004) (current version at LA. REV. STAT. § 15:529.1(A)(4)(b)).

He was unsuccessful in state court on direct appeal and in subsequent post-conviction proceedings. The issue presented here was raised in the latter.

His application for federal habeas relief contended, *inter alia*, counsel was ineffective for failing to move to quash the multiple-offender bill of information. The district court denied this claim on the merits, as well as denying a certificate of appealability (COA) for the claim.

This ineffective-assistance-of-counsel (IAC) claim is the only one of the six issues presented in the COA motion here for which our court granted a COA: whether counsel was ineffective for failing to move to quash the multiple-offender bill of information. Accordingly, at issue here is only that claim for IAC.

A § 2254 application may not be granted unless the challenged state-court decision: "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States"; or "was based on an unreasonable determination of the facts in [the] light of the evidence presented". 28 U.S.C. § 2254(d). Lindsey fails to satisfy this standard.

For an IAC claim under § 2254, and consistent with the mandate of § 2254, federal courts do not engage in an independent analysis of the claim; instead, they review the decision by the state court. *E.g.*, *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011) (review is "doubly" deferential when federal court reviews IAC claims under § 2254). To establish IAC in state court, Lindsey had to show: counsel performed deficiently; and defendant was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show deficient performance to the state court, Lindsey had to show "counsel's

representation fell below an objective standard of reasonableness". *Id.* at 687-88. For showing prejudice to the state court, Lindsey had to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". *Id.* at 694.

Adopting the magistrate judge's comprehensive report and recommendation, the district court assumed counsel's failure to move to quash the multiple-offender bill of information constituted deficient performance. Nevertheless, the court ruled that performance did not prejudice Lindsey because the bill of information's being quashed would merely have delayed the same result, as the state could have then issued a new, correct multiple-offender bill of information. Although the bill of information contained some inaccurate accounts of prior convictions, it was "clear that [Lindsey] had at least three prior convictions which could properly have been used to adjudicate him as a fourth offender": those for possession of methamphetamine, possession of a firearm by a convicted felon, and simple burglary. Because at least two of these three, along with the current conviction for Lindsey's methamphetamine operation, were punishable by 12 years' imprisonment or more, the applicable habitual-offender statute provided for life imprisonment without benefit of parole, probation, or suspension of sentence. LA. REV. STAT. 15:529.1(A)(1)(c)(ii) (2004).

Lindsey contends no combination of his prior convictions could have sustained his adjudication as a fourth-felony offender. First, he maintains the firearm conviction was not punishable by 12 years' imprisonment or more when he committed the offense in 1989. But, the relevant time is not when he committed the predicate felony; rather, it is when he committed the current (fourth) felony. "A defendant must be sentenced according to sentencing provisions in effect at the time of the commission of the offense." *State v. Sugasti*, 820 So. 2d 518, 520 (La. 2002); *see also State v. Grimes*, 16 So. 3d 418, 425 (La. Ct. App. 2009) ("the applicable law is that in effect at the time of the commission of the current offense and not the predicate crime"). When Lindsey

committed the current offense, possession of a firearm by a convicted felon was punishable by 10 to 15 years' imprisonment. LA. REV. STAT. 14:95.1(B) (2003). Therefore, the firearm conviction could have served as a predicate felony for habitual-offender purposes. *See id.*; LA. REV. STAT. § 15:529.1(A)(1)(c)(ii) (2004).

Lindsey next contends the firearm and simple-burglary convictions could not have been used in the same multiple-offender bill of information. A conviction for felon in possession of a firearm may be used to enhance a subsequent conviction, but only if the underlying felony used as an element of the firearm conviction is not also used in the same multiple-offender bill of information. *State v. Baker*, 970 So. 2d 948, 957 (La. 2007).

According to the state-court record, the underlying felony used as an element of Lindsey's firearm conviction was a 1985 conviction for simple burglary. The information listed two 1985 convictions for simple burglary. One simple burglary conviction could have served as the underlying felony for the firearm conviction and the other could have served as a separate predicate felony.

Lindsey also asserts his two simple-burglary convictions constituted a single offense for enhancement purposes, because the convictions were obtained on the same day and thus could not be used separately in the same multiple-offender bill of information. At sentencing for the underlying conviction, counsel unsuccessfully contended likewise: the simple-burglary convictions constituted a single offense for enhancement purposes. Accordingly, Lindsey could not show in state court a "reasonable probability" that he would not have been adjudicated a habitual offender had counsel moved to quash the information on the same basis as his above-described, unsuccessful objection. *Strickland*, 466 U.S. at 694; *Geiger v. Cain*, 540 F.3d 303, 309-10 (5th Cir. 2008).

Finally, Lindsey contends counsel was also ineffective for failing to object to the sentencing court's adjudication of him as a "multiple offender", instead of as a "fourth offender", which he contends resulted in an "indeterminate

sentence".  Lindsey did not raise this claim in his motion for a COA.  Therefore, we do not consider it.  *Simmons v. Epps*, 654 F.3d 526, 535 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2374 (2012) ("We have jurisdiction to address only the issue specified in the COA.") (internal quotation omitted).

AFFIRMED.