724 So.2d 236 (1998)
STATE of Louisiana
v.
Charles J. PICOT.
No. 98-K-2194
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1998.
*237 Harry F. Connick, District Attorney, Orleans Parish, Lynda Van Davis, Assistant District Attorney, New Orleans, Louisiana, Counsel for Plaintiff.
Court composed of Judge WILLIAM H. BYRNES III, Judge JOAN BERNARD ARMSTRONG and Judge JAMES F. McKAY, III.
ARMSTRONG, Judge.
We grant the State's application for supervisory writs to consider the correctness of a trial court ruling granting the defense's motion to quash and dismissing the multiple bill.
On September 5, 1995, the defendant was charged with one count of aggravated battery. At his arraignment on September 20, 1995, he pled not guilty. On March 14, 1996, a twelve-member jury found him guilty of second degree battery. He was sentenced on March 28, 1996, to serve five years at hard labor. The State filed a multiple bill, and on June 26, 1996, the court found the defendant to be a second offender. The court vacated the original sentence and sentenced the defendant to serve ten years at hard labor as a second offender. The defendant appealed, and this Court affirmed the defendant's conviction, but vacated the multiple bill sentence because the State failed to introduce evidence the defendant was the same person convicted of the prior offense. This Court reinstated the defendant's original sentence of five years. State v. Picot, 96-2387 (La.App. 4th Cir.7/1/98), 718 So.2d 517.
The State filed a second multiple bill on August 7, 1998, and the defense made an oral motion to quash. The trial court granted the defense's motion and dismissed the multiple bill on the grounds that the State cannot conduct a second multiple bill hearing. The State now seeks this court's supervisory jurisdiction to review that ruling.
On July 6, 1995, Elaine Polk and Mark Young were walking on Simon Bolivar Boulevard when Ms. Polk stopped to talk to her child's teacher. Young sat down on the curb. Suddenly, after hearing a warning yell, he was hit twice in the lower back. Young turned to see Charles Picot, the defendant, holding an aluminum bat. As Young tried to defend himself, he was hit in the leg and the head by Picot. Young threw a bottle at Picot, and Picot ran. He returned, and Young threw another bottle at him. Picot then ran from the scene. The police were called, and Young went to the hospital, where he received seven staples to close his head wound.
Picot was the ex-boyfriend of Ms. Polk and the father of at least one of her children. At the time of the attack she was involved with Young. When he testified, Picot denied hitting Young with a bat.
At the multiple bill hearing, the trial court concluded that the principles of double jeopardy prohibited the State from filing a multiple bill, failing to prove it, and then getting another chance to present evidence on the matter The defense added that the defendant had already served the original five year sentence and would be a free man but for the issue of the pending multiple bill hearing. However, the State properly argued that the State was not precluded from conducting a second multiple bill hearing.
It is well-established by the Louisiana jurisprudence that a second multiple bill hearing does not place a defendant in double jeopardy because "[s]uch a proceeding is merely a part of sentencing." State v. Langendorfer, 389 So.2d 1271, 1277 (La.1980). See also State v. Bennett, 544 So.2d 661 (La.App. 3rd Cir.1989). In State v. Johnson, 432 So.2d 815 (La.1983), the Court held that the defendant could be tried again on the multiple bill, even though the State failed to prove his identity as the perpetrator of the prior crimes. In Johnson, the Court noted: "Defendant is not protected by principles of double jeopardy from being tried again on *238 the question of the prior felony conviction." Id. at 817. The Habitual Offender Law creates no independent offense, but rather prescribes the conditions under which there is an enhanced penalty for the current offense and does not violate constitutional prohibitions against double jeopardy. State v. Boatner, 304 So.2d 661 (La.1974).
For the foregoing reasons, we reverse the judgment of the trial court and remand this case for futher proceedings.
WRIT GRANTED. REVERSED AND REMANDED.