JOAN BERNARD ARMSTRONG, Chief Judge.
 

 \ STATEMENT OF CASE
 

 On July 17, 2009, the State charged the defendant, Johnnie Causey, by bill of information with possession of marijuana, fourth offense, a violation of La. R.S. 40:966. He pled not guilty at his arraignment on September 10, 2009.
 

 The case proceeded to trial on January 13, 2010, and at the time, the defendant withdrew his prior plea and entered a plea of guilty under
 
 North Carolina v. Alford,
 
 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). On June 1, 2010, the court sentenced the defendant to twenty years at hard labor with credit for time served. The State multiple billed the defendant as a quadruple offender based on prior convictions for possession of cocaine,
 
 [1]
 
 possession of a stolen automobile,
 
 [2]
 
 and possession of marijuana, third offense.
 
 [3]
 
 At the multiple bill hearing that same day, the defendant was adjudicated a quadruple offender. The trial court vacated the defendant’s prior sentence and resentenced him to twenty | ¡>years at hard labor without benefit of probation, parole or suspension of sentence, with credit for time served. This Appeal follows.
 

 STATEMENT OF FACT
 

 The recitation of facts in this case is taken from the narrative contained in the NOPD Gist Sheet bearing item number E-25776-09 and dated May 19, 2009:
 

 On Tuesday May 19, 2009, at about 8:38 p.m. officers Laron Stewart and Stephanie Caldwell unit 1184 of the First District Task Force were on proactive patrol in the 4000 block of D’Hemecourt when they smelled a strong odor of burning marijuana in the air. The officers then observed two unknown black males standing in the block with a cloud of smoke in their area. The officers then elected to stop the subjects and investigate. Upon the officers exiting their vehicles the officers approached the subjects and the smell became stronger. As the officers interviewed subjects, the officers observed the subject later identified as Johnathan M. Arnold, B/M, 8/10/1988 and Johnnie Causey, B/M, 11/18/1984 speaking with slurred speech and blood shot eyes. The officers then elected to arrest the subjects for drug incapacitation. The officer then advised them of their rights
 
 *700
 
 as per Miranda and placed them in handcuffs to the rear.
 

 Search incident to the arrest officer Stewart located two small clear plastic bags containing a green vegetable matter which the officers believed to be marijuana in the front right pocked of Johnnie Causey. The officers then re-advised him of his rights as per Miranda and the additional charges.
 

 The officers tested the green vegetable matter and learned that it was positive for marijuana.
 

 See New Orleans Police Department — Gist Sheet, Rec. p. 54.
 

 ERRORS PATENT
 

 A review for error patent on the face of the record reveals one concerning the defendant’s sentencing as a fourth felony offender. That error is discussed in Assignment of Error Number 1 herein.
 

 ASSIGNMENT OF ERROR NUMBER 1
 

 In the multiple bill of information filed against the defendant, the State averred that in addition of having been convicted of possession of marijuana, fourth offense, on January 13, 2010, the defendant had three prior convictions. |3The predicate convictions listed in the multiple bill were a 2002 guilty plea to possession of cocaine (case #430-428), a 2002 guilty plea to possession of a stolen automobile valued in excess of $500.00 (case #431-201), and a 2004 guilty plea to possession of marijuana, third offense (case # 452-669).
 

 In this assignment, the defendant argues that the evidence is insufficient to prove beyond a reasonable doubt that he was the person convicted of possession of cocaine in 2002 as alleged in the multiple bill. He further claims that the 2004 possession of marijuana, third offense, conviction in case #452-669 was improperly used to enhance both his status as a narcotics offender and his status as a habitual offender. He also argues that he was deprived of his right to a jury trial on the multiple bill.
 

 In 1993, the Louisiana Legislature enacted La. R.S. 15:529.1(D)(l)(b) to establish “the procedure to be followed to attack the validity of a prior conviction” and “to set forth burdens of proof.” La. Acts 1993, No. 896. La. R.S. 15:529.1(D)(l)(b) provides as follows:
 

 Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
 

 To prove that a defendant is a multiple offender, the state must establish by competent evidence that there is a prior felony and that the defendant is the same Lperson who was convicted of the prior felony.
 
 State v. Chaney,
 
 423 So.2d 1092 (La.1982). Where the prior conviction resulted from a plea of guilty, the state must show that the defendant was advised of his constitutional rights and that he knowingly
 
 *701
 
 waived those rights prior to this plea of guilty, as required by
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
 

 The Louisiana Supreme Court adopted a scheme for burdens of proof in habitual offender proceedings in
 
 State v. Shelton,
 
 621 So.2d 769 (La.1993). This scheme was succinctly summarized in
 
 State v. Conrad,
 
 94-232, pp. 3-4 (La.App. 5 Cir. 11/16/94), 646 So.2d 1062, 1064, as follows:
 

 If the defendant denies the multiple offender allegations then the burden is on the State to prove (1) the existence of a prior guilty plea, and (2) that defendant was represented by counsel when the plea was taken. Once the State proves those two things, the burden then shifts to the defendant to produce affirmative evidence showing (1) an infringement of his rights, or (2) a procedural irregularity in the taking of the plea. Only if the defendant meets that burden of proof does the burden shift back to the State to prove the constitutionality of the guilty plea. In doing so, the State must produce either a ‘perfect’ transcript of the Boykin colloquy between the defendant and the judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an ‘imperfect’ transcript. If anything less than a ‘perfect’ transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant’s prior guilty plea was informed and voluntary.
 

 Various methods are available to prove that the defendant is the same person convicted of the prior felony offense, including testimony from witnesses, expert opinion regarding the fingerprints of the defendant when compared with those in the prior record, or photographs in the duly authenticated record.
 
 State v. Henry,
 
 96-1280 (La.App. 4 Cir. 3/11/98), 709 So.2d 322.
 

 To support the predicate cocaine conviction in this case, the State introduced the following evidence from that conviction: the bill of information; the guilty plea form executed by defendant; the minute entry reflecting that the defendant | /¡entered a plea of guilty; the docket master; the screening action form; and the arrest register. The State also called Officer George Jackson, a custodian of arrest registers for the NOPD and an expert in taking and analyzing fingerprints. At the hearing on the multiple bill on June 1, 2010, Officer Jackson testified that he fingerprinted the defendant in court on May 28, 2010, the date originally set for the multiple bill hearing, for purposes of comparison. The officer identified the fingerprints he took on May 28, 2010, as State’s Exhibit 1. Moreover, Officer Jackson testified that the fingerprints contained in the arrest registry relating to the cocaine conviction (case No. 430-418) matched the fingerprints on State’s Exhibit 1.
 

 Nevertheless, the defendant argues that the State failed to carry its burden of proof that he was one and the same person convicted in 2002 of possession of cocaine because the bill of information in the cocaine ease does not contain any fingerprints. He claims that the fingerprints from the authenticated arrest registry are insufficient to establish identity beyond a reasonable doubt. The defendant argues the only source of fingerprints capable of satisfying the evidentiary standard are those on a bill of information. The defendant is mistaken.
 

 In
 
 State v. Anderson,
 
 99-1407 (La.App. 4 Cir. 1/26/00), 753 So.2d 321, the defendant argued that because the fingerprints on the bill of information for a forgery conviction were not suitable for identification, the State failed to meet its burden.
 
 *702
 
 However, the State produced the arrest register for the offense, which contained fingerprints that an officer was able to identify as fingerprints belonging to the defendant. In addition, the State was able to match the arrest register with the certified copy of the forgery conviction through the | ^defendant's name, date of birth, date of offense, and case number and complaint’s name. In addition, defendant’s name, date of birth, social security and bureau of identification numbers were the same as the person who pled guilty to the forgery charge. This court found this information was sufficient, and that the State met its burden of proving that the defendant was the same person who pled guilty to the forgery charge.
 

 This portion of the defendant’s assignment of error lacks merit.
 
 [4]
 

 Next, the defendant complains that his conviction of possession of marijuana, third offense, in case number 452-669 was used both to elevate his status to a fourth offender under La. R.S. 40:966 and as a predicate offense to enhance his status under the Habitual Offender Law to a quadruple offender constituting double enhancement.
 

 It should be noted that the defendant herein did not object to the multiple bill or file a motion to reconsider sentence, this issue was not preserved for appellate review. Nevertheless, the defendant’s double enhancement claim has merit. The State concedes the error in the defendant’s multiple offender status. The State also requests that this Court vacate the fourth offender adjudication, enter an adjudication as a third offender, and remand for resentencing as a third offender.
 

 The defendant in this case pled guilty to possession of marijuana on May 19, 2009. He pled to the same offense in case numbers 431-217G, 431-290G and 452-669L, making the charge a fourth offense possession. In the same case, he was charged as a fourth felony offender based, in part, on being a third offense felony offender in case number 452-669L, which also relied on case numbers 431-217G and 431-290G. A review of the original bill and the multiple bill shows that the 17October 21, 2004, possession of marijuana, third offense, conviction in case number 452-669 is listed in both bills. Using the same prior convictions to enhance a misdemeanor to a felony and then to enhance the sentence on the felony is not permissible because what would be a misdemeanor as a first offense is elevated to the status of a felony in subsequent offenses, a conviction for repeated possession of marijuana is not subject to being further enhanced under the Habitual Offender Law. Possession of marijuana, fourth offense, is already an enhanced offense. See
 
 State v. Davis,
 
 02-2061 (La.App. 4 Cir. 10/08/03), 859 So.2d 776.
 
 [5]
 
 See also
 
 State v. Sanders,
 
 337 So.2d
 
 *703
 
 1181 (La.1976). The defendant’s sentence must be vacated and the matter remanded to the trial court for resentencing.
 

 As for the defendant’s assertion he was denied a jury trial on the issue of his being a habitual offender, there is no constitutional right to a jury trial in multiple billing proceedings.
 
 State v. Smith,
 
 05-0375, pp. 3-5 (La.App. 4 Cir. 7/20/05), 913 So.2d 836, 839-840, citing
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In
 
 Apprendi,
 
 the Supreme Court held that “[ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.”
 
 Apprendi,
 
 530 U.S. at 490, 120 S.Ct. at 2362-2363. Under
 
 Apprendi
 
 and its progeny, neither a defendant’s status as a habitual offender, nor the existence of prior convictions necessary to prove that status, is required to be submitted to a jury. This Court has repeatedly rejected this same argument |Radvanced by the defendant. See
 
 State v. Dunbar,
 
 06-1030 (La.App. 4 Cir. 3/19/08), 981 So.2d 51. This argument is without merit.
 

 ASSIGNMENT OF ERROR NUMBER 2
 

 By this assignment, the defendant complains that his sentence is excessive. The discussion in Assignment of Error Number 1 concerning the defendant’s double enhancement of his sentence in Assignment of Error Number 1 renders this assignment moot.
 

 ASSIGNMENT OF ERROR NUMBER 3
 

 In a final assignment of error, the defendant contends that the trial judge erred in denying his pre-sentence Motion to Withdraw Alford Plea. The defendant explains that his attorney arrived late for trial and had raised the ire of the trial judge. Further, defendant says that his attorney was scheduled to appear at another hearing in Jefferson Parish at the same time and was unprepared in this case. The defendant maintains that he was advised to enter the guilty plea by conflicted, unprepared and ineffective counsel.
 

 La.C.Cr.P. art. 559 provide in pertinent part that “[t]he court may permit a plea of guilty to be withdrawn at any time before sentence.” The Louisiana Supreme Court in
 
 State v. Lewis,
 
 421 So.2d 224 (La.1982) considered this issue and held that a trial court may permit the withdrawal of a guilty plea after sentencing when the trial court finds that the guilty plea was not entered freely and voluntarily or that the
 
 Boykin
 
 colloquy was inadequate, and, therefore, the plea is constitutionally infirm. The withdrawal of a guilty plea is within the discretion of the trial court, and is subject to reversal only if that discretion is abused or arbitrarily exercised.
 
 State v. Johnson,
 
 406 So.2d 569 (La.1981).
 

 I flFor a guilty plea to be found valid, there must be a showing that the defendant was informed of and waived his constitutionally guaranteed right to trial by jury, right of confrontation and right against compulsory self-incrimination.
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969);
 
 State ex rel Jackson v. Henderson,
 
 260 La. 90, 255 So.2d 85 (1971). However, the entry of a knowing and intelligent plea of guilty involves more than an understanding and a waiver of the basic triad of rights. In determining whether the defendant’s plea is knowing and voluntary, the court must not only look to the colloquy concerning the waiver of rights, but may also look at other factors which may have a bearing on the decision.
 
 State ex rel. LaFleur v. Donnelly,
 
 416 So.2d 82 (La.1982).
 

 In addition to the basic three rights enunciated in
 
 Boykin v. Alabama,
 
 395 U.S.
 
 *704
 
 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), in order to make a knowing and intelligent decision to plead guilty the defendant must be apprised of the possible range of sentences for the offense to which he pleads guilty.
 
 State ex rel. Curry v. Guillory,
 
 441 So.2d 204 (La.1983).
 

 In the case at bar, the transcript of the plea hearing reflects compliance with
 
 Boy-kin.
 
 The trial judge fully explained the defendant’s rights and questioned him as to whether the pleas were knowing and voluntary. The judge explained the maximum sentence the defendant could receive. He advised the defendant of his right to a speedy trial, his right to a jury, his right to representation, and his right to confront his accusers. Additionally, the trial judge specifically informed the defendant that the State intended to file a multiple bill against him and explained the possible sentences depending on his adjudication as a multiple offender. The defendant said that he understood the rights and that he had no questions. When asked if anyone had forced, threatened, or coerced him into pleading guilty, he 1 inanswered negatively, and when asked if he was satisfied with his attorney, he answered affirmatively. The waiver of rights form is signed by the defendant, his attorney, and the judge.
 

 While defense counsel in this case did explain his lateness and scheduling difficulties, when the trial judge asked him if he was prepared for trial, counsel responded affirmatively. Counsel further informed the trial court that he had discussed the guilty plea with the defendant and the defendant’s family and that they thought it was in the defendant’s best interest to enter the plea.
 

 After considering all the factors involved in a valid and voluntary guilty plea, the trial judge did not abuse her discretion in finding that there was no rational basis for the defendant’s motion to withdraw his plea. This assignment has no merit.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the defendant’s conviction, vacate the fourth offender adjudication and sentence and remand to the trial court for resentencing the defendant as a triple offender.
 

 CONVICTION AFFIRMED, FOURTH OFFENDER ADJUDICATION AND SENTENCE VACATED AND REMANDED FOR RESENTENCING
 

 [1]
 

 . The defendant pled guilty to possession of cocaine on June 7, 2002, in proceedings bearing No. 430-428 "L” of the docket of the Orleans Parish Criminal District Court.
 

 [2]
 

 . The defendant pled guilty to possession of a stolen automobile on August 9, 2002, in proceedings bearing No. 431-201
 
 "L"
 
 of the docket of the Orleans Parish Criminal District Court.
 

 [3]
 

 . The defendant pled guilty to drug possession on October 21, 2004, in proceedings bearing No. 452-669 "L” of the docket of the Orleans Parish Criminal District Court.
 

 [4]
 

 . La. R.S. 15:529.1(D)(1)(b) places the burden of challenging a predicate conviction in a multiple bill proceeding on the defendant.
 
 State v. Cossee,
 
 95-2218 (La.App. 4 Cir. 7/24/96), 678 So.2d 72. The defendant in this case did not file a written response to the multiple bill of information, nor did he object at the multiple bill hearing as to any of the prior convictions. Accordingly, this argument was not preserved for appeal.
 

 [5]
 

 . In
 
 Davis,
 
 this Court noted that the repeated violations of the offense of possession of marijuana subjected an offender to enhanced penalties under La. R.S. 40:966(E) and raised the offense from a misdemeanor to a felony. The Court said, “Because what would be a misdemeanor as a first offense is elevated to the status of a felony in the case of a second offense, a conviction for possession of marijuana, second offense is not subject to being further enhanced under the Habitual Offender Law. Possession of marijuana, second offense, is already an enhance offense.”