ROBERT A. CHAISSON, Judge.
|2On December 13, 2010, the Jefferson Parish District Attorney filed a bill of information charging defendant, Christopher Jones, a/k/a Larry Jones, with battery of a police officer requiring medical attention, in violation of LSA-R.S. 14:34.2; hit-and-run driving, in violation of LSA-R.S. 14:100; possession of a firearm by a convicted felon, in violation of LSA-R.S. 14:95.1; and possession of marijuana, third offense, in violation of LSA-R.S. 40:966(C). At the arraignment, defendant pled not guilty.
Defendant proceeded to trial on these four charges on February 22 and 23, 2011. After considering the evidence presented, the twelve-person jury found defendant guilty as charged on the battery, hit-and-run, and possession of marijuana charges, and not guilty on the felon in possession of a firearm charge.
|SF ollowing the denial of defendant’s motion for new trial on March 2, 2011, the trial court sentenced defendant to five years imprisonment at hard labor for the battery of a police officer, ten years imprisonment at hard labor for the hit-and-run, and twenty years imprisonment at hard labor for the possession of marijuana, third offense, to run concurrently. That same day, the State filed a bill of information pursuant to the provisions of LSA-R.S. 15:529.1, seeking to have defendant adjudicated a third felony offender on the third offense possession of marijuana charge. Defendant executed a waiver of rights form and stipulated to the allegations in the multiple bill. The trial court vacated the original sentence on the marijuana conviction and imposed an enhanced sentence of twenty-one years imprisonment at hard labor without benefit of probation or suspension of sentence. Defendant now appeals.

FACTS

On the evening of September 30, 2009, Detectives Shane Klein, Donald Clogher, James Shook, and Julio Alvarado of the Jefferson Parish Sheriffs Office were on patrol in the 3200 block of Jefferson Highway. The detectives established surveillance of a gas station reputed for narcotics activity. During this surveillance, Detective Klein observed a white male get out of his vehicle and approach the passenger side of a Nissan Titan pickup truck. Detective Klein then observed the two individuals engage in a hand-to-hand transaction, after which the white male walked away from the vehicle. Based on these observations, the officers believed that a narcotics transaction had just occurred, and they decided to approach the Titan.
Detective Klein neared the opened driver’s side door and observed two individuals sitting inside. According to Detective Klein, defendant was in |4the driver’s seat and co-defendant, Darius Williams, was in the passenger seat. Mr. Williams had a bag of marijuana in his lap and was preparing a marijuana cigar. Defendant was in a “state of shock,” sitting with his hands in his lap, not making any movements. Detective Klein, who was in plain clothes, informed the occupants that he was a police officer and engaged them in conversation while waiting for his partner, Detec *1124 tive Clogher, to reach the other side of the vehicle so they could initiate the arrests.
Detective Klein was leaning inside the vehicle in conversation when Detective Clogher reached the vehicle and opened the passenger door. When Detective Clo-gher opened the door, he observed the passenger reaching for a firearm that was positioned on the passenger’s left side tucked into the seat. At this moment, defendant put the vehicle into drive and sped off. Detective Klein was able to free himself although his radio fell to the floor of the vehicle; however, Detective Clogher was caught in the threshold of the passenger door. As the vehicle sped from the parking lot, Detective Clogher was pushed from the moving vehicle by the passenger, sending the officer to the ground. As a result, he sustained a broken collar bone and torn ligaments in his shoulder.
Approximately ten minutes after the vehicle sped off, it was located within a mile of the gas station on an abandoned lot with Detective Klein’s radio in plain view inside. The vehicle was towed to the detective bureau where a search warrant was obtained and executed the next day. As a result of the search, a bag of marijuana, a cigar wrapper, and a baseball cap were seized.
At trial, defendant presented a different version of events. According to defendant, on the night of the incident, Detective Klein walked up to his vehicle, |sand without identifying himself as a police officer, ordered defendant to get out of the car. Thinking he was being carjacked, defendant drove away.

ANDERS BRIEF

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990),[1] appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel has requested permission to withdraw as attorney of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pre-trial motion or *1125 | (¡objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may deny the motion and order the court appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
In this case, defendant’s appellate counsel has complied with all the requirements necessary to file an Anders brief. In his brief, counsel asserts that, after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. He sets forth the procedural history of the case as well as a detailed recitation of the facts. As to each conviction, appointed appellate counsel lists the elements of the offense and asserts that the evidence adduced at trial was sufficient to prove those elements. Counsel also maintains that the trial court was correct in its denial of defendant’s pre-trial motions to suppress, that defendant’s 17underlying sentences are not excessive, and that defendant’s multiple offender adjudication and sentencing were proper.
Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The bill of information in this case properly charged defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly and concisely states the essential facts constituting the offenses charged. It also sufficiently identifies defendant and the crimes charged. See LSA-C.Cr.P. arts. 464-466.
As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him. He attended his arraignment, his trial, and his sentencing. As such, defendant’s presence does not present any issue that would support an appeal.
Also, defendant filed pre-trial motions to suppress evidence, identification, and statements. As to the evidence seized by virtue of the search warrant, the record indicates that the search and seizure executed pursuant to the warrant was valid. With regard to the identification, Detective Klein identified defendant from a photographic lineup the day after the incident, signing and dating the back of the lineup. At trial, the detective testified that he was not threatened, coerced, induced, or directed to make the identification. As to defendant’s statement, Detective Klein’s testimony established that defendant offered his statement after having been properly advised of his Miranda[3] rights. Thus, the trial court’s denial of defendant’s motions *1126 to suppress does not present any issue that would support an appeal.
IsLastly, the sentencing in this case was proper. The sentence imposed on each underlying offense was within the range prescribed by statute. See LSA-R.S. 14:34.2; LSA-R.S. 14:100; LSA-R.S. 40:966(C) and (E). Additionally, because defendant’s enhanced sentence was imposed pursuant to a plea agreement, he is procedurally precluded from seeking review of that sentence. See LSA-C.Cr.P. art. 881.2(A)(2). Moreover, defendant’s enhanced sentence falls within the sentencing range prescribed by statute. See LSA-R.S. 40:966(0 and (E); LSA-R.S. 15:529.1. Accordingly, defendant’s sentences do not present any issues that would support an appeal. Having concluded our independent review, we find that there are no non-frivolous issues and no rulings which arguably support an appeal.
Along with the appellate brief and a request for an error patent review, defendant’s appellate counsel has filed a motion to withdraw as attorney of record, which states that he sent defendant a copy of the motion to withdraw, along with the appellate brief and the pro se briefing notice. In addition, this Court sent a letter to defendant informing him of his right to file a supplemental brief. Defendant has filed a supplemental brief raising one assignment of error which will now be addressed.

SUFFICIENCY OF THE EVIDENCE

In defendant’s pro se supplemental brief, he challenges the sufficiency of the evidence used to convict him of possession of marijuana. Defendant contends that because the marijuana was observed in the lap of the passenger, there was no evidence that he was in possession of the marijuana or knew of the marijuana’s presence in the vehicle.
In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, 19viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Neal, 00-0674 (La.6/29/01), 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002); State v. Mickel, 09-953 (La.App. 5 Cir. 5/11/10), 41 So.3d 532, 534, writ denied, 10-1357 (La.1/7/11), 52 So.3d 885. Under the Jackson standard, a review of the record for sufficiency of the evidence does not require the court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Rather, the reviewing court is required to consider the whole record and determine whether any rational trier of fact would have found guilt beyond a reasonable doubt. State v. Jones, 08-20 (La. App. 5 Cir. 4/15/08), 985 So.2d 234, 240.
To support a conviction for possession of marijuana, third offense, the State must prove that the defendant was in possession of marijuana, that he knowingly possessed the marijuana, and that he had two prior convictions for possession of marijuana. State v. Turner, 05-60 (La.App. 5 Cir. 5/31/05), 904 So.2d 825, 828. At trial, defendant admitted that he had two prior convictions for possession of marijuana. Thus, the State was left to prove that defendant was in possession of marijuana and that he knowingly possessed it.
It is sufficient for the State to establish constructive possession of a controlled dangerous substance, rather than actual possession to support a conviction. Even if the drug is not in a person’s *1127 physical custody, he may be in constructive possession of it if it is subject to his dominion and control. Likewise, a subject can have constructive possession if he jointly possesses drugs with a companion and if he willfully and knowingly shares with his companion the right Imto control of the drugs. Guilty knowledge, which may be inferred from the circumstances, is an essential element of the crime of possession of contraband. When colored by other evidence, proximity to the drug, or association with the possessor, may establish a prima facie case of possession. However, the defendant’s mere presence in the area where a controlled dangerous substance is found, or the mere association with a person in possession of the substance, is insufficient to constitute constructive possession. State v. Turner, 904 So.2d at 828.
At trial, Detective Klein testified that he observed a hand-to-hand narcotics transaction between a white male pedestrian and the passenger of the Titan truck. Based on this observation, Detective Klein approached the opened driver’s door of the vehicle. He observed defendant in the driver’s seat and co-defendant, Darius Williams, in the passenger seat. Mr. Williams had a bag of marijuana in his lap and was preparing a marijuana cigar. Detective Klein described the bag of marijuana as bigger than a baseball but smaller than a softball. According to Detective Klein, defendant was in a “state of shock,” sitting with his hands in his lap, not making any movements. Detective Klein, who was in plain clothes, informed the occupants that he was a police officer and engaged them in conversation while waiting for Detective Clogher to reach the other side of the vehicle. When Detective Clogher opened the passenger door, he observed the passenger reaching for a firearm that was tucked into the seat. At that moment, defendant put the vehicle into drive and sped off.
At trial, defendant testified on his own behalf. According to defendant, Detective Klein walked up to the vehicle and ordered him to get out. Defendant claimed that Detective Klein did not identify himself as a police officer, and defendant thought he was being carjacked and drove away. Defendant further ^testified that when he heard gunshots, it reinforced his belief that he was being carjacked.[4] In addition, defendant testified that he had his head down texting and had no knowledge that there was marijuana in the vehicle.
In this case, the jury made a credibility determination and accepted the testimony of the State witnesses rather than that of defendant. It is not the function of the appellate court to assess the credibility of witnesses or to re-weigh the evidence. State v. Watson, 08-214 (La.App. 5 Cir. 8/19/08), 993 So.2d 779, 785.
Based on the evidence presented, we find that a rational trier of fact could have found that defendant had constructive possession of the marijuana and that he knowingly possessed it. Defendant was seated in the car at the time the passenger engaged in what appeared to be a narcotics transaction. Moreover, the passenger had a bag of marijuana in plain view on his lap and was rolling a cigar. Then, after the officers identified themselves, defendant sped off with Detective Klein in the driver’s door and Detective Clogher in the passenger’s door. See State v. Proctor, 04-1114 (La.App. 5 Cir. 8/29/05), 901 So.2d 477, where this Court found that defendant had possession of marijuana where the marijuana was discovered in the center console of the vehicle between the driver and the defendant, who was the passenger. Prior to approaching the vehicle, the police *1128 officers observed what appeared to be a drug transaction between the driver and an unknown individual. In concluding that the defendant had possession, this Court, in part, relied on the fact that since defendant was seated in the car at the time the driver engaged in the transaction, it was reasonable to conclude that defendant saw the exchange.
Considering the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found the evidence presented at trial 112proved beyond a reasonable doubt that defendant was guilty of third offense possession of marijuana. Accordingly, the arguments raised by defendant are without merit.

ERROR PATENT REVIEW

We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 387 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors which require corrective action.
Based on the foregoing discussion, we find that defendant’s pro se assignment of error is without merit. Moreover, because appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot find any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we affirm defendant’s convictions and sentences and grant counsel’s motion to withdraw as attorney of record.

CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED

. The procedure set Forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. The United States Supreme Court reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. At trial, Detective Julio Alvarado testified that he fired shots at the fleeing truck.