PER CURIAM.
| j Granted, The ruling of the trial court granting defendant’s motion to quash is reversed and this ease is remanded for further proceedings.
After defendant’s conviction for possession of marijuana, third offense, in violation of La.R.S. 40:966(E)(3), the state filed a habitual offender bill charging him as a fourth felony offender on the basis of prior convictions for manslaughter and attempted armed robbery in 1999, possession of stolen property valued over $500 in 2001, and attempted possession of cocaine with intent to distribute in 2004. Defendant filed a motion to quash on several grounds, including a claim that his conviction for third offense possession of marijuana, which converted the base offense from a misdemeanor to a felony with substantially increased penalties, was not subject to further enhancement under the habitual offender provisions of La.R.S. 15:529.1. The trial court granted the motion to quash on those grounds, and a split panel in the court of appeal summarily denied review. \ State v. Lewis, 12-0560 (La.App. 4 Cir.2012). The order cited to the court of appeal’s prior decision in State v. Davis, 02-2061, pp. 9-10, (La.App. 4 Cir. 10/8/03), 859 So.2d 776, 782 (“Because what would be a misdemeanor as a first offense is elevated to the status of a felony in the case of a second offense, a conviction for possession of marijuana, second offense is not subject to being further enhanced under the Habitual Offender Law.”) (citations omitted). Dissenting, Judge Lobrano observed that Davis had been superseded by this Court’s subsequent decision in State v. Baker, 06-2175 (La.10/16/07), 970 So.2d 948, and as a consequence, “[t]he mere fact that a felony instant offense is a status offense, which has been enhanced, does not preclude the felony status offense being enhanced further under La.R.S. 15:529.1.” Lewis, 12-0560, p. 1 (Lobrano, J., dissenting). Judge Lobrano further observed that “[t]he caveat is only that the same predicate conviction or convictions used to enhance the original offense cannot also be listed in the multiple bill as one of the predicate convictions in support of the multiple offender adjudication.” Id. at 1-2.
We fully subscribe to the views expressed by Judge Lobrano which appear entirely consistent with the Second Circuit’s decision in State v. Brooks, 43,613, pp. 4-5 (La.App. 2 Cir. 10/29/08), 997 So.2d 688, 692 (“Applying th[e] reasoning [of Baker ] to the instant case, we conclude that a sentence for possession of marijuana, third offense, can be enhanced under the habitual offender law as long as none of the marijuana convictions are used as prior felony convictions in the habitual offender bill of information.”), unit denied, 08-2973 (La.12/18/09), 23 So.3d 930. At one time, this Court did take the position that a status crime, specifically, [sthe possession of a firearm or the carrying of a concealed weapon by a convicted felon in violation of La.R.S. 14:95.1, was not subject to further enhancement under the provisions of La.R.S. 15:529.1 because we presumed that, having provided for enhanced penalties in the statute for concealing a weapon when the offender is a felon, the legislature did not intend further enhancement of sentence under La.R.S. 15:529.1. State v. Sanders, 337 So.2d 1131 (La.1976). In Sanders, the same prior felony conviction used to charge the defendant with the substantive firearms offense also served as the basis for the habitual offender proceedings. In State v. Finnin, 354 So.2d 1355 (La.1978), we then extended Sanders to cases in which the state relied on one prior felony conviction in charging a violation of La.R.S. 14:95.1, and on a different *409 felony conviction in the habitual offender status ladder under La.R.S. 15:529.1.
In Baker; however, we reversed Firmin outright and confined Sanders to its specific facts. Baker, 06-2175 at 15, 970 So.2d at 957 (“Since in this case the state used a different prior felony conviction as the element in charging a violation of La. R.S. 14:95.1 from the prior felony conviction used in the multiple offender bill of information to enhance the firearms sentence, we are not required to re-evaluate that portion of the holding in Sanders.”). Although the decision in Baker was guided by “the clear language of the statute, its context and its purpose” with respect to La.R.S. 14:95.1, id., 06-2175 at 10, 970 So.2d at 953, we also observed more broadly that “there is no restriction on the type of felony which may be enhanced by the habitual offender law,” id., 06-2175 at 11, 970 So.2d at 955 (citation omitted), and further noted that “[o]nly by reading into the |4statute something which is not there, i.e., a specific prohibition as to further enhancement, [could] the result in Sanders be reached.” Id.
The decision in Baker controls the outcome here. Apart from the lack of any clear prohibition of further enhancement of sentence, La. R.S. 40:966(E)(3) expressly provides penalties for a “third or subsequent conviction for violation of Subsection C of this Section with regard to marijuana,” ie., the knowing and intentional possession of a Schedule I controlled substance. A prior felony conviction for second offense possession of marijuana is not a prerequisite to a prosecution for third offense possession of marijuana, which may rest on two prior misdemeanor convictions for first offense marijuana possession. See, e.g., State v. Chinn, 11-893 (La.App. 5 Cir. 4/24/12), 94 So.3d 838; State v. Jones, 11-644 (La. App. 5 Cir 2/28/12), 88 So.3d 1120; cf. La.R.S. 15:529.1(B) (“an offender need not have been adjudged to be a second offender in a previous prosecution in order to be adjudged to be a third offender, or that an offender has been adjudged in a prior prosecution to be a third offender in order to be convicted as a fourth offender”). Thus, La. R.S. 40:966(E)(3) punishes repeated violations of Louisiana’s controlled substances law with respect to possession of marijuana without regard to the status of the defendant as a prior felony offender. On the other hand, La. R.S. 15:529.1 is Louisiana’s general felony recidivist sentencing statute whose purpose is “to discourage commission of successive felonies and to enhance punishment for subsequent felonies.” State ex rel. Porter v. Butler, 573 So.2d 1106, 1109 (La.1991). Even within the superseded rationale of Sanders, because La. R.S. 40:966(E)(3) does not necessarily take into account the fact of a defendant’s previous felony conviction for the same | ¡¡offense, we would not presume the legislature did not intend for further enhancement of sentence under La.R.S. 15:529.1 when the third offense marijuana conviction forms part of a pattern of repeated felonious behavior and warrants punishment as such. Cf. State v. Shoupe, 46,395, p. 18 (La.App. 2 Cir. 6/22/11), 71 So.3d 508, 518 (“The Baker reasoning applies here as well.... [N]othing in the provisions of La. R.S. 14:98 prohibits a penalty imposed under the DWI statute from being subsequently enhanced under the Habitual Offender Law.”).
In the present case, the prior felony convictions alleged in the habitual offender bill filed by the state formed no part of defendant’s conviction for third of *410 fense possession of marijuana.[1] The habitual offender proceedings thus do not expose defendant to double enhancement of his felony recidivist status and the trial court erred in concluding otherwise.
REVERSED AND REMANDED

. In granting the motion to quash, the trial court relied on the Fourth Circuit’s decision in State v. Causey, 10-1466, p. 7 (La.App. 4 Cir. 6/16/11), 67 So.3d 697, 702, which, in turn, relied on Davis and Sanders to hold that “[ujsing the same prior convictions to enhance a misdemeanor to a felony and then to enhance the sentence on the felony is not permissible because what would be a misdemeanor as a first offense is elevated to the status of a felony in subsequent offenses, a conviction for repeated possession of marijuana is not subject to being further enhanced under the Habitual Offender Law.” In Cau-sey, however, the state conceded that it had erred by using the defendant’s conviction for third offense possession of marijuana, a felony, not only to charge him with fourth offense possession of marijuana, but also as one of the prior felony convictions in a habitual offender bill charging defendant as a fourth felony offender under La. R.S. 15:529.1. The state requested the court of appeal to vacate the fourth offender adjudication, enter an adjudication of defendant as a third offender, and remand for resentencing. The court of appeal simply vacated the fourth offender adjudication and remanded for resentencing, leaving the state free to amend its habitual offender bill to conform to the rule applied by the Fourth Circuit. Whatever the merits of its analysis, Causey has no bearing on the present case as the prior convictions used to convict defendant for third offense marijuana possession are not the same prior convictions alleged in the habitual offender status ladder.