SANDRA CABRINA JENKINS, Judge.
|,The defendant appeals his multiple bill adjudication as a second felony offender under the habitual offender statute, La. R.S. 15:529.1. The defendant assigns as his sole assignment of error that his adjudication under the habitual offender statute is in violation of the double jeopardy clause. We find no error in the trial court’s enhancement of defendant’s sentence pursuant to La. R.S. 15:529.1. The trial court’s sentence of the defendant as a habitual offender under La. R.S. 15:529.1 is affirmed.

STATEMENT OF CASE

On May 28, 2009, the defendant, Alton Holloway, was charged by bill of information with possession of marijuana, third offense, in violation of La. R.S.40:966(E)(3) and aggravated flight from an officer in violation of La. R.S. 14:108.1(C). A jury found the defendant guilty of third offense possession of marijuana and not guilty of aggravated flight from an officer.
The defendant was subsequently sentenced to five years at hard labor to run concurrently with any other sentence. The trial court ordered that the defendant receive credit for time served. On the same date, the state filed a multiple offender bill of information charging the defendant as a second felony offender. The multiple offender bill of information alleged that in addition to his 2010 conviction 12for third offense possession of marijuana, the defendant previously pled guilty to possession of cocaine on September 14, *797 2006 in Jefferson Parish, Case No. 04-06447.[1]
Following a multiple bill hearing, on June 2, 2011, the defendant was adjudicated a second felony offender pursuant to La. R.S. 15:529.1. The trial court then vacated its previous sentence and sentenced the defendant to ten years at hard labor without the benefit of probation, parole, or suspension of sentence, with credit for time served, to run concurrently with any sentences including parole.

STATEMENT OF FACT

The facts of the underlying crime are not relevant to the assignment of error presently before the Court and therefore will not be discussed.

ERRORS PATENT

A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR

As his sole assignment of error, the defendant contends that the trial court erred in sentencing him “as a multiple offender by using a crime that had already been enhanced because it constitutes double jeopardy.” Specifically, the defendant argues that the trial court erred by allowing the state to use his previous conviction for possession of marijuana to support his conviction for third offense marijuana possession and to support the multiple offender bill filed against him.

\?LAW AND ANALYSIS

Both the Fifth Amendment to the United States Constitution and Art. 1, Section 15 of the Louisiana Constitution guarantee that no person shall be twice placed in jeopardy for the same offense. The purpose of these provisions is to protect a person from a second prosecution after he has already been acquitted or convicted of that offense and to protect an accused against multiple punishment for the same conduct. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); State v. Vaughn, 431 So.2d 763, 767 (La.1983); State v. Warner, 94-2649, p. 4 (La.App. 4 Cir. 3/16/95), 653 So.2d 57, 59.
It is well-settled that double jeopardy does not apply to multiple offender proceedings. State v. Langendorfer, 389 So.2d 1271, 1277 (La.1980); see also, State v. Picot, 98-2194, p. 1 (La.App. 4 Cir. 11/10/98), 724 So.2d 236, 237; State v. Davis, 2002-0565, p. 16 (La.App. 4 Cir. 12/11/02), 834 So.2d 1170, 1180. The Habitual Offender Statute, La. R.S. 15:529.1, does not create a new or separate offense based on the commission of more than one felony but merely provides for imposition of an increased sentence for persons convicted of second and subsequent felonies. State v. Hayes, 412 So.2d 1323, 1325-1326 (La.1982); State v. Boatner, 304 So.2d 661, 662 (La.1974); Picot, 98-2194, p. 1, 724 So.2d at 238; see also, State v. Dorthey, 623 So.2d 1276, 1279 (La.1993) (providing that Louisiana’s Habitual Offender statute is simply an enhancement of punishment provision; it does not punish status and does not on its face impose cruel and unusual punishment).
Nevertheless, the defendant argues that principles of double jeopardy apply because he faced sentencing enhancement twice when the state used the same marijuana conviction to enhance his sentence *798 for third offense possession of |4marijuana and to enhance his sentence as a habitual offender under La. R.S. 15:529.1. To support this contention, the defendant relies on two Louisiana Supreme Court decisions, State v. Sanders, 337 So.2d 1131 (La.1976) and State v. Firmin, 354 So.2d 1355 (La.1978), which have since been overruled. See, State v. Baker, 2006-2175 (La.10/16/07), 970 So.2d 948.
In Sanders, the Louisiana Supreme Court held that the state could not use the same prior felony conviction it used to charge the defendant with a firearms offense (possession of a firearm or the carrying of a concealed weapon by a convicted felon in violation of La. R.S. 14:95.1) to serve as the basis for the habitual offender proceedings under La. R.S. 15:529.1. The Sanders Court reasoned that because La. R.S. 14:95.1 already provided for enhanced penalties for concealing a weapon when the offender is a felon, the legislature did not intend further enhancement of sentence under La. R.S. 15:529.1. The Supreme Court stated:
[ W]e find that the penalty provisions enacted in R.S. 14:95.1 were intended by the legislature to delimit the permissible punishment for that offense because the statute itself takes into account the fact of defendant’s previous felony conviction and the legislature gave no indication that it wanted the multiple-billing procedure to remain available as a vehicle for further enlargement of the penalty.
337 So.2d at 1135.
In Firmin, 354 So.2d at 1355, the Louisiana Supreme Court extended Sanders to cases in which the state relied on one prior felony conviction in charging a violation of La. R.S. 14:95.1 and on a different felony conviction to reach the habitual offender status under La. R.S. 15:529.1. As applied in Firmin, the rule of Sanders “prevents double use of a defendant’s recidivist offender status, |snot simply the double use of any particular prior felony conviction.” Baker, 2006-2175, p. 6, 970 So.2d at 951. However, as noted above, the Louisiana Supreme Court has subsequently reversed Firmin outright and confined Sanders to its specific facts.
In Baker, the Louisiana Supreme Court again addressed this issue of double enhancement. The defendant in Baker, as in Firmin, had been previously convicted of two different felonies and charged with possession of a firearm by a felon under La. R.S. 14:95.1. At trial, the state used the defendant’s conviction for aggravated battery to prove the elements of the firearm offense. The state later used the defendant’s conviction for illegal possession of stolen things in a habitual offender bill of information under La. R.S. 15:529.1, seeking to have the defendant’s conviction for possession of a firearm by a felon enhanced. The trial court adjudicated the defendant a second offender.
On appeal, the defendant in Baker argued that his adjudication as a multiple offender was improper under Sanders and Firmin as an impermissible double enhancement of his firearms conviction. The state countered that no double enhancement occurred because it did not rely on the same prior conviction to support both the firearm violation and habitual offender charge. The Baker Court agreed with the state and affirmed defendant’s adjudication/sentence as a habitual offender. The Baker Court held that a sentence imposed for a felon in possession of a firearm may also be enhanced under the habitual offender law provided that the offense used as an element in the possession of a firearm offense was not subsequently used to enhance the penalty under the habitual offender statute as well. The Louisiana Supreme Court stated in pertinent part:
*799 |fiWe hold today that our determination in both Sanders and Firmin, that a sentence imposed under La. R.S. 14:95.1 may not be further enhanced under the habitual offender statute, was in error, and these cases are overruled to the extent that they stand for this proposition. However, we note that the other holding in Sanders, that the state may not seek multiple enhancement of a defendant’s sentence on the basis of the same set of prior convictions, was recently cited with approval by this court in State v. Ruiz, 2006-1755 p. 12-13 (La.4/11/07), 955 So.2d 81, 89. Since in this case the state used a different prior felony conviction as the element in charging a violation of La. R.S. 14:95.1 from the prior felony conviction used in the multiple offender bill of information to enhance the firearms sentence, we are not required to re-evaluate that portion of the holding in Sanders.
[[Image here]]
We find that a sentence imposed under La. R.S. 14:95.1 may be enhanced under the habitual offender law, as long as the prior felony conviction used as an element in the firearm conviction is not also used as a prior felony conviction in the multiple offender bill of information. To the extent that cases state to the contrary, including State v. Sanders, 337 So.2d 1131 (La.1976) and State v. Firmin, 354 So.2d 1355 (La.1978), they are overruled. [Emphasis added].
Id. at pp. 10-13, 16-17, 970 So.2d at 953-955, 958.
Here, contrary to the defendant’s allegations, the state did not use the same conviction to support his third offender marijuana possession and the multiple offender bill. Although the state used his two prior convictions[2] for marijuana possession to establish that the defendant’s third offense of marijuana possession, the state used the defendant’s 2006 conviction for possession of cocaine as the predicate offense to enhance his sentence for the third offense marijuana possession. Thus, because the state, like in Baker, used a different underlying |7conviction to enhance his sentence for the instant offense, it was not error for the trial court to adjudicate and sentence the defendant as a habitual offender.
The defendant acknowledges that the holdings in Firmin and Sanders have been rejected by Baker but nevertheless asks this Court to consider their analysis. The defendant also attempts to distinguish Baker because in Baker an additional element (the requirement that the defendant be convicted of certain felonies) was needed to upgrade from misdemeanor possession of a firearm under La. R.S. 14:95 to felony possession under La. R.S. 14:95.1. The defendant’s arguments have no merit. The Louisiana Supreme Court and other Circuit Courts have rejected similar arguments to those made by the defendant and have applied Baker to enhance the sentence for second and third offense marijuana possession pursuant to the habitual offender law. State v. Brooks, 43,613, pp. 2-5 (La.App. 2 Cir. 10/29/08), 997 So.2d 688, 690-692; State v. Lewis, 2012-1835, p. 5 (La.11/30/12), 104 So.3d 407, 410; State v. Foster, 2009-0617, p. 2 (La.11/25/09), 23 So.3d 885, 886; see also, State v. Shoupe, 46,395, pp. 17-18 (La.App. 2 Cir. 6/22/11), 71 So.3d 508, 518 writ denied, 2011-1634 (La.1/13/12), 77 So.3d 950 (recognizing that Baker has been extended to subsequent *800 offenses of marijuana possession and applying it to enhance a defendant’s sentence under the habitual offender statute for his fourth DWI); State v. Bias, 2010-1440, p. 15-19 (La.App. 3 Cir. 5/4/11), 63 So.3d 399, 409-411, writ denied 2011-1063 (La.11/14/11), 75 So.3d 939 (citing Baker and Foster for authority and finding that no double enhancement occurred where the state used the prior convictions of simple robbery only once to support a conviction as a felon in possession of a firearm and only once to enhance the defendant’s sentence for attempted armed robbery in a multiple offender bill).
In Brooks, supra, the defendant was convicted of possession of marijuana, third offense. Subsequent to that conviction, the state charged the defendant as a third felony offender in a multiple bill, based on prior convictions for possession of cocaine in 1995 and simple criminal damage to property in 2001. The defendant filed a motion to quash the multiple offender bill, arguing that the state sought to enhance a crime already enhanced by law. The trial court denied the defendant’s motion, adjudicated the defendant as a third felony offender, and sentenced him to fourteen years at hard labor without benefits.
On appeal, the Second Circuit affirmed. In doing so, the Brooks Court relied on Baker to find that a third offense possession of marijuana could be enhanced pursuant to La. R.S. 15:529.1 “as long as none of the marijuana convictions are used as prior felony convictions in the habitual offender bill of information.” Id. at pp. 4-5, 997 So.2d at 692-693. The Second Circuit also declined to “revisit the holding in Baker” as the defendant suggested and refused to distinguish the Baker case because it involved a conviction under La. R.S. 14:95.1, as opposed to a conviction for third offense possession of marijuana under La. R.S. 40:966(E). Id. at pp. 2-3, 997 So.2d at 690.
The Louisiana Supreme Court in Lewis, 2012-1835, pp. 4-5, 104 So.3d at 409-410, also found that a defendant’s conviction for third offense marijuana possession could be subject to additional enhancement in habitual offender proceedings. In Lewis, after the defendant’s conviction for third offense possession of marijuana, in violation of La. R.S. 40:966(E)(3), the state filed a habitual offender bill charging him as a fourth felony offender on the basis of prior convictions for manslaughter, attempted armed robbery possession of stolen property valued over $500, and attempted possession of cocaine with intent to 13distribute. The defendant moved to quash the multiple bill, claiming that his conviction for third offense marijuana possession, “which converted the base offense from a misdemeanor to a felony with substantially increased penalties,” could be not further enhanced under La. R.S. 15:529.1. The trial court granted the motion to quash on those grounds. The defendant filed writs with the Fourth Circuit, and, in a split panel, this court summarily denied review. See, State v. Lewis, 2012-0560 (La.App. 4 Cir. 7/30/12) (unpub.) (stating “[pjursuant to State v. Davis, 2002-2061 (La.App. 4 Cir. 10/8/03), 859 So.2d 776, the writ is denied”).
The Louisiana Supreme Court granted certiorari, reversed the trial court’s decision to quash the multiple bill, and remanded the case for further proceedings. In reaching this conclusion, the Lewis Court found the dissenting appellate opinion of Judge Lobrano persuasive and found that the trial court’s reliance on Davis, 2002-2061, 859 So.2d 776 was improper. The Court also cited the Second Circuit’s decision in Brooks with approval. The Louisiana Supreme Court stated:
*801 The [Fourth Circuit’s] order [denying the defendant’s writ application] cited to the court of appeal’s prior decision in State v. Davis, [20]02-2061, pp. 9-10, (La.App. 4 Cir. 10/8/03), 859 So.2d 776, 782 (“Because what would be a misdemeanor as a first offense is elevated to the status of a felony in the case of a second offense, a conviction for possession of marijuana, second offense is not subject to being further enhanced under the Habitual Offender Law.”) (citations omitted). Dissenting, Judge Lobrano observed that Davis had been superseded by this Court’s subsequent decision in State v. Baker, 06-2175 (La.10/16/07), 970 So.2d 948, and as a consequence, “[t]he mere fact that a felony instant offense is a status offense, which has been enhanced, does not preclude the felony status offense being enhanced further under La. R.S. 15:529.1.” Lewis, [20] 12-0560, p. 1 (Lobrano, J., dissenting). Judge Lobrano further observed that “[t]he caveat is only that the same predicate conviction or convictions used to enhance the original offense cannot also be listed in the multiple bill as one of the predicate convictions in |10support of the multiple offender adjudication.” Id. at 1-2. We fully subscribe to the views expressed by Judge Lobrano which appear entirely consistent with the Second Circuit’s decision in State v. Brooks, 43,613, pp. 4-5 (La.App. 2 Cir. 10/29/08), 997 So.2d 688, 692 (“Applying th[e] reasoning [of Baker ] to the instant case, we conclude that a sentence for possession of marijuana, third offense, can be enhanced under the habitual offender law as long as none of the marijuana convictions are used as prior felony convictions in the habitual offender bill of information.”), writ denied, 08-2973 (La.12/18/09), 23 So.3d 930. [Emphasis added].
Id. at p. 2, 104 So.3d at 408. The Lewis Court also considered its previous opinions in Baker, Sanders, and Firmin, as well as the statutory language of La. R.S. 15:529.1 and La. R.S. 40:966(E) prior to reaching its holding:
Although the decision in Baker was guided by “the clear language of the statute, its context and its purpose” with respect to La. R.S. 14:95.1, id., 06-2175 at 10, 970 So.2d at 953, we also observed more broadly that “there is no restriction on the type of felony which may be enhanced by the habitual offender law,” id., 06-2175 at 11, 970 So.2d at 955 (citation omitted), and further noted that “[o]nly by reading into the statute something which is not there, i.e., a specific prohibition as to further enhancement, [could] the result in Sanders be reached.” Id.
The decision in Baker controls the outcome here. Apart from the lack of any clear prohibition of further enhancement of sentence, La. R.S. 40:966(E)(3) expressly provides penalties for a “third or subsequent conviction for violation of Subsection C of this Section with regard to marijuana,” i.e., the knowing and intentional possession of a Schedule I controlled substance. A prior felony conviction for second offense possession of marijuana is not a prerequisite to a prosecution for third offense possession of marijuana, which may rest on two pri- or misdemeanor convictions for first offense marijuana possession. See, e.g., State v. Chinn, 11-893 (La.App. 5 Cir. 4/24/12), 94 So.3d 838; State v. Jones, 11-644 (La.App. 5 Cir 2/28/12), 88 So.3d 1120; cf. La. R.S. 15:529.1(B) (“an offender need not have been adjudged to be a second offender in a previous prosecution in order to be adjudged |nto be a third offender, or that an offender has *802 been adjudged in a prior prosecution to be a third offender in order to be convicted as a fourth offender”). Thus, La. R.S. 40:966(E)(3) punishes repeated violations of Louisiana’s controlled substances law with respect to possession of marijuana -without regard to the status of the defendant as a prior felony offender. On the other hand, La. R.S. 15:529.1 is Louisiana’s general felony recidivist sentencing statute whose purpose is “to discourage commission of successive felonies and to enhance punishment for subsequent felonies.” State ex rel. Porter v. Butler, 573 So.2d 1106, 1109 (La.1991).
[Emphasis added].
Id. at pp. 3-5, 104 So.3d at 409-410.
Thus under Lewis, because La. R.S. 40:966(E)(3) does not distinguish between the type of offense (misdemeanor versus felony) needed to qualify as third offense marijuana possession and because La. R.S. 15:529.1 does not provide restrictions on the type of felony which may be enhanced by the habitual offender law, neither statute prohibits the defendant from being sentenced as a habitual offender in this case. Additionally, the Louisiana Supreme Court has determined that a status crime may be enhanced under the habitual offender law provided that the same convictions are not used to support both the underlying offense and the habitual offender bill. In the present case, the defendant was not exposed to improper double enhancement, because the state charged the defendant as a second felony offender pursuant to La. R.S. 15:529.1 using a separate conviction from the prior convictions used to prove the underlying offense. Accordingly, the defendant’s assignment of error has no merit.

CONCLUSION

We find no error in the trial court’s enhancement of the defendant’s sentence pursuant to La. R.S. 15:529.1. The prior convictions used to convict the defendant 11gof third offense marijuana possession were not the same as that alleged in the multiple offender bill of information. The defendant’s conviction, multiple offender adjudication, and sentence are affirmed.
AFFIRMED

. The defendant was originally charged with possession of cocaine in excess of 400 grams on September 7, 2004, but pled guilty to the lesser charge of possession of cocaine in excess of 200 grams, but less than 400 grams. See also La. R.S. 40:967(F)(1)(A)-(B). The multiple bill filed by the state incorrectly stated that the defendant pled guilty to cocaine possession in excess of 400 grams. However, the trial court allowed the state to amend the bill to correctly provide that the defendant plea to the reduced charges.

. The record reflects that the defendant pled guilty to his prior charges of possession of marijuana Case no. 425-571 and Case No. 429-760. The parties also stipulated to this at the trial of the underlying marijuana possession, third offense.